### 39133. LEVERETTE v. THE STATE.

Per Curiam. 1. While it is the right of the defendant to have counsel with him at every stage during the trial of a case (See *Duke v. State,* 104 Ga. App. 494, 122 SE2d 127), no harm resulted to the defendant, where in the absence of his counsel, the court turned the jury over to the sheriff to be taken to supper, at which time one of the jurors asked, "What about the minimum sentence served and parole?" and the judge replied, "The court can't answer that question; the law won't permit the court to discuss that with the jury." This did not amount to an instruction to the jury, but merely to a mandatory refusal to instruct the jury on a prohibited issue. The presence of counsel could in no way have aided the defendant where the court himself took the proper steps to safeguard her rights. Cf. *Morton v. State,* 190 Ga. 792 (10 SE2d 836).

2. The defendant was indicted for murder and convicted of manslaughter in connection with her admitted shooting of one Donnie Scales, her defense being that the shot was fired in self-defense against one endeavoring forcibly to enter her home to commit personal violence upon her. Undisputed testimony showed that the altercation began during the afternoon when the defendant went to Calhoun, S. C., where her husband and the deceased were found together and there that afternoon she took out warrants against both men for assault; that late that night the deceased and his wife came to her home, and that she procured a pistol from her bedroom and fired one shot which proved to be fatal. Special grounds 4, 5 and 6 of the amended motion for a new trial complain of the admission of testimony of various witnesses purporting to show that the defendant had quarreled with, shot at, and been beaten by her husband on the evening before and the morning of the day of the shooting, over the objection that it put the defendant's character in issue. That the intent of the solicitor in offering the testimony was to do exactly this was shown by his statement to the court that he was offering the evidence "to show the conduct or the mind of the defendant, and the pattern of the conduct on the part of the defendant" and that "this defendant was down there shooting at everybody coming along including her husband and would go to show a crime of a similar nature." We agree with the solicitor that this is exactly what the testimony in question tends to show. Whether such conclusion is justified or not would depend on all the facts surrounding that transaction. She might have been entirely justified in her acts and would have been in position to show such justification if afforded the opportunity. Obviously she did not come to court that day prepared to defend herself for shooting at her husband and accordingly was unprepared to show justification for this act if such existed. Accordingly, we reiterate that this is precisely why such testimony is inadmissible. "It is a fundamental principle in our system of jurisprudence intended to protect the individual who is charged with crime, and to insure him of a fair and impartial trial before an unbiased jury, that the general character of the defendant and his conduct in other transactions is irrelevant, unless the defendant chooses to put

his character in issue." *Bacon v. State*, 209 Ga. 261 (71 SE2d 615). The admission of this testimony constitutes reversible error.

3. Special ground 1 assigns error on a lengthy excerpt from the charge relating to self-defense and justifiable homicide on the ground that it might have misled the jury into believing that it was necessary for the defendant to show that a felony was about to be perpetrated upon her when the true rule, as set out in *Smith v. State*, 106 Ga. 673 (4) (32 SE 851, 71 ASR 286) is that when one manifestly intends in a riotous and tumultuous manner to enter the habitation of another for the purpose of assaulting or offering personal violence and is killed to prevent such injury, the killing being under the fears of a reasonable man, "such a homicide is justifiable even though the assault or personal violence intended be less than a felony." The court did in fact give this rule of law in charge, although elsewhere in the instructions he presented rules of law relating to self-defense to prevent the commission of a felony. As stated in *Franklin v. State*, 146 Ga. 40 (90 SE 480), the court, in charging *Code* §§ 26-1014, 26-1011, and 26-1012, must be careful to prevent confusion in the minds of the jury regarding the degree of violence necessary to be shown on the part of the assailant. One may permissibly, acting under the fears of a reasonable man, kill to prevent the commission of a felony in defense of habitation, property, or person; he may also kill one riotously attempting to enter his habitation for the purpose of assaulting him although the assault be less than a felony. This assignment of error is not passed upon as the court will doubtless, upon another trial, clearly distinguish these situations in the minds of the jury.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Nichols, P. J., Frankum and Jordan, JJ., concur.*

DECIDED NOVEMBER 2, 1961.

*Walton Hardin, J. T. Sisk*, for plaintiff in error.
*Clete D. Johnson, Solicitor-General, Williford & Grant, John W. Williford, William F. Grant*, contra.