## 66086. JOHNS v. THE STATE.

Birdsong, Judge.

Donnie I. Johns was convicted of three counts of burglary and sentenced to serve eighteen years on each, concurrently. He brings this appeal enumerating two alleged errors. *Held:*

1. By his first enumeration, Johns complains an oral statement admitted against him was the product of an illegal arrest and as such should have been suppressed. He makes no contention that the statement was not otherwise voluntary following an appropriate Miranda warning. It is uncontested that a warrant was issued for Johns' arrest on February 5, 1982, and he was actually arrested on February 9. The only issue presented by Johns is that there is no showing of probable cause by affidavit to justify the issuance of the warrant. The warrant contains the averment of an officer that based on his knowledge he believed that Johns committed the offense of burglary by unlawfully entering the dwelling house of one Solomon located at a particular address in Muscogee County, Columbus, Georgia, on January 31, 1982, and that entry was with intent to commit a theft. This information was submitted under oath.

Appellant's contention that the warrant required a supporting affidavit of sufficient detail to show probable cause for the officer's belief has been considered before and found to be without merit. "Appellant was arrested pursuant to a warrant, and probable cause is not required for issuance of the arrest warrant. All that is required for issuance of an arrest warrant is an affidavit stating the offense; the time, date and place of . . . said offense; the person against whom such offense was committed; and a statement describing the offense. . . . *Anglin v. State,* 244 Ga. 1, 2 (2) (257 SE2d 513)." *Davis v. State,* 155 Ga. App. 511-512 (271 SE2d 648). The warrant in this case fulfilled all those requirements. It follows that the arrest was not illegal and in no way tainted the admission of appellant's inculpatory statement.

2. In his second enumeration, Johns argues the trial court erred in failing to rebuke the state's counsel and giving curative instructions following objection to a portion of the prosecutor's

closing argument. We are not privileged to know the questioned argument presented to the jury, for that argument is not a part of the transcript. Reading between the lines, we surmise that the state's attorney argued against acquittal at least for one reason that appellant would be returned to the same society occupied by the jurors. While such argument may present several connotations, one meaning suggests an appeal to the safety of the community and relates to general crime prevention. Such arguments clearly are legal and proper. *Burke v. State,* 153 Ga. App. 769, 771 (266 SE2d 549). Moreover, the trial court did in effect admonish counsel by telling the jurors that arguments of counsel are not evidence. If counsel was not satisfied with the curative charge given by the court, it was his duty to request further amplification. *Pitts v. State,* 141 Ga. App. 845, 846 (3) (234 SE2d 682). Lastly, we observe that no motion for mistrial was made. A sustained objection to an improper argument without a motion for mistrial will not constitute grounds for reversal. *Grice v. State,* 224 Ga. 376 (1) (162 SE2d 432).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 17, 1983.

*H. Haywood Turner III,* for appellant.
*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.