## 66821. PARKER v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of aggravated assault with a deadly weapon. He appeals (1) on the general grounds. He also contends that the trial court erred (2) by denying his motion for a directed verdict of acquittal and (3) by denying his motion for a mistrial after the state placed his character in evidence. He also contends (4) that he was denied his right to the effective assistance of counsel.

On May 25, 1979 appellant was subjected to a strip search in the Douglas County sheriff's office on a matter unrelated to the instant case. Appellant threw his pants at the sheriff and Officer Myers grabbed appellant and stuck his head in a trash can. The foregoing facts were offered to show motive.

At about 1:00 a.m., July 20, 1979 Carrie Arrington was walking home and heard a car slide around the corner of the street where Officer Myers lived, and then slow down. A man was leaning out the window of a green 1971 or 1972 Monte Carlo. A few seconds later, Arrington heard a shot. Officer Myers was awakened by the shot; on investigation he discovered that a shot had been fired through his bedroom window. The shot penetrated the window, drapes, a bedroom wall and was found lodged in the living room wall. Two fragments from a shotgun slug were removed from the wall.

On August 8, 1979 appellant was stopped and arrested by a highway patrolman in North Carolina for driving under the influence of alcohol. Appellant gave a fictitious name to the patrolman; appellant's car was impounded and during an inventory of the car a shotgun was found in the trunk. While appellant was in jail in North Carolina he told Donald Daniel, another inmate, that he (appellant) had used the shotgun found in his car to shoot into a deputy's home in Georgia.

Appellant's mother, Virginia Pilgrim, testified that he owned a brown 1975 Monte Carlo automobile with a light top. Nella Lee testified that appellant had been living with her and her husband in Smyrna, Georgia, and that she helped appellant move to North Carolina on July 20, 1979, departing her home for North Carolina about 5:00 p.m.

The fragments removed from Myers' living room wall were from a shotgun slug, but were too mutilated to determine if they had been fired from the shotgun found in appellant's car. A ballistics expert testified that the slug fragments could have been fired from a high-powered rifle.

1. Appellant contends that the evidence was not sufficient to support the verdict, because the evidence was circumstantial and no evidence was presented connecting appellant with the shooting.

We find that the circumstantial evidence, coupled with Daniel's testimony and the evidence of motive, is sufficient to support the verdict. Although the slugs could not be matched to appellant's shotgun, he told Daniel that he had used *that* shotgun to shoot into the deputy's home in Georgia. The weight of the evidence and the credibility of witnesses are questions for the triers of fact, and this court deals only with the sufficiency of the evidence, not its weight. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). We find the evidence sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE 2d 560). It follows that it was not error to deny appellant's motion for a directed verdict of acquittal. *Miller,* supra.

2. Appellant contends the trial court erred by denying his motion for a mistrial after the state improperly placed appellant's character in evidence through testimony relating to the strip search of appellant in the sheriff's office. We do not agree.

Appellant made no objection to the sheriff's testimony on direct examination about the strip search and Myers' resulting action against appellant. During cross-examination of the sheriff about the same incident appellant moved for a mistrial on the ground that such testimony improperly placed his character in evidence by implying that he had been arrested previously. The motion was denied but the court instructed the jury that the evidence was admitted solely to show appellant's motive, if any, and could not be considered for any other purpose. Evidence tending to show motive, though placing appellant's character in issue, is admissible. *Burden v. State,* 182 Ga. 533, 534 (1) (186 SE 555) (1936); *Ford v. State,* 141 Ga. App. 149, 150 (1) (232 SE2d 642) (1977).

3. Appellant counsel contends appellant was denied his right to effective assistance of counsel at trial, pointing to the fact that

appellant's trial counsel did not request a committal hearing; did not file pretrial discovery motions; did not ask for a ruling on an objection; did not move to suppress certain evidence; and was late in filing the initial appeal in this case, resulting in dismissal of the appeal. See *Parker v. State,* 156 Ga. App. 299 (274 SE2d 694) (1980).

The right to effective assistance of counsel means not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974); *Alderman v. State,* 241 Ga. 496, 511 (8) (246 SE2d 642) (1978). Our examination of the transcript shows that appellant's trial counsel conducted vigorous cross-examination of state witnesses; made appropriate and timely objections to testimony and the admissibility of evidence; made a motion for a mistrial; presented alibi evidence on behalf of appellant; and moved for a directed verdict of acquittal. Although another lawyer may have conducted the defense in a different way, filed different motions and asked different questions, the fact that appellant's trial attorney made decisions during trial with which appellant and his current counsel now disagree does not require a finding that the original representation of appellant was so inadequate as to amount to a denial of effective assistance of counsel. *Harrell v. State,* 139 Ga. App. 556, 557 (2) (228 SE2d 723) (1976); *Lewis v. State,* 246 Ga. 101, 105 (3) (268 SE2d 915) (1980). Errors of judgment and tactical errors do not constitute denial of the effective assistance of counsel. *Bishop v. State,* 155 Ga. App. 611, 615-616 (2d) (271 SE2d 743) (1980). Finally, we note that appellant was represented at trial by retained counsel, and where a defendant is represented by employed counsel who is a member of the Georgia Bar in good standing, a prima facie case is made that appellant was represented by a competent attorney. *Suits v. State,* 150 Ga. App. 285, 286 (1) (257 SE2d 306) (1979). Considering the rules set forth above, together with examination of the entire transcript, we find that appellant was not denied his right to the effective assistance of counsel.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1984.

*Kenneth W. Krontz,* for appellant.
*William A. Foster III, District Attorney, Frank C. Winn, Assistant District Attorney,* for appellee.