### 74593. RENZ v. THE STATE.
(357 SE2d 843)

DEEN, Presiding Judge.

Deborah Renz appeals from her conviction on a charge of attempted prostitution. She filed a demurrer, which is now treated as a motion to dismiss upon the general grounds. She enumerates as error the trial court's denial of the demurrer and of her motion *in limine* that no evidence of prior similar transactions be admitted in evidence, and further assigns error to the alleged placing of her character in issue resulting from the use of the similar-transaction evidence. She also enumerates as error the trial court's denial of her motion for mistrial based on the use of testimony regarding the operation of "escort agencies" as covers for prostitution in metropolitan Atlanta, and also regarding the aforesaid similar transactions during which she was admittedly associated with one or more escort agencies. Finally, she enumerates as error the trial court's denial of her motions for directed verdict and for new trial. *Held*:

Our scrutiny of the record in the case *sub judice* reveals that there is no merit in any of appellant's enumerations of error. According to the testimony, there are many "escort services" advertised in the classified section ("yellow pages") of the metropolitan Atlanta telephone directory, and most of the "escort services" listed are also listed under "massage parlors." These establishments bear such titillating, tempting, and tantalizing titles as "A Better Service," "A Private Service," "Abracadabra," "Absolutely Positively," "Adventurous Escorts," "Lil' Rascals," "Midnight Express," "No. 1 Part-Timers," "Personal Touch," "Pisces," and "Ready Teddies." They operate 7 days a week by appointment, offer Swedish massages, and honor major credit cards.

Appellant acknowledged that she modeled for her customers in lingerie and in the nude for a referral fee to the agency, plus a tip for her services. She denied that she was a prostitute or performed sexual intercourse, but a witness for the state, a former client, testified, "but the lady put a condom on me and did put her mouth on my penis." He said the charge was about $300.

Appellant stated that she had bought the condoms found in her purse because her husband suffered from herpes and she needed them so they could have relations. She herself suffered from herpes simplex of the lips. Her husband regularly drove her from job to job and was, according to appellant, a ready source of protection in case a customer became violent or tried to harm her. She acknowledged that

most of her customers were married, out-of-town businessmen, and that she systematically checked new customers' driver's licenses and business cards to make sure they were genuine. This careful check on identity also served to insure the clients' awareness that they "had something to lose" in case anything untoward later occurred. Like her professional colleagues, appellant worked under an alias so as to prevent identification, and stated that the agencies, in an attempt to dissociate themselves from illegal activity, seldom permitted the "models" to come by the office. She said that the type of modeling work she did generally consisted of what occurred in providing services for the "escort service" customers. A law enforcement officer testified that appellant's husband stated to him the belief that prostitution should be decriminalized. A former client, whose credit card charge slip was found in appellant's possession when she was arrested on the charges below, testified that her "modeling" for him consisted of the performance of sex acts.

The evidence adduced by the State was more than sufficient not only to overcome the allegations of insufficiency of evidence which formed the basis of the general demurrer and of the motions for mistrial, for directed verdict, and for new trial, but also to authorize a reasonable trier of fact to conclude that the State proved beyond a reasonable doubt every element of the offense charged. OCGA §§ 16-4-1; 16-6-9; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

As to the trial court's denial of the *in limine* motion regarding the use of similar-transaction evidence, it is well settled that such evidence is admissible for the purpose of showing motive, intent, identity, bent of mind, *modus operandi*, or common plan or scheme. *Kilgore v. State*, 251 Ga. 291, 297 (305 SE2d 82) (1983); *Dudley v. State*, 179 Ga. App. 252 (345 SE2d 888) (1986). The only requirements are that the defendant be shown to be the perpetrator in such transactions, and that there be sufficient similarity between the prior transactions and the offense being prosecuted that proof of the former tends to prove the latter. See, e.g., *Williams v. State*, 251 Ga. 749 (312 SE2d 40) (1983); *Hamilton v. State*, 239 Ga. 72 (235 SE2d 515) (1977); *French v. State*, 237 Ga. 620 (229 SE2d 410) (1976); *Lucas v. State*, 178 Ga. App. 150 (342 SE2d 377) (1986). The fact that such evidence may incidentally place the defendant's character in issue is of no legal moment. *Adams v. State*, 178 Ga. App. 261 (342 SE2d 747) (1986). Moreover, the trial transcript in the instant case shows clearly that appellant's own counsel "opened the door" to such evidence, and that the trial court was correct in so ruling. OCGA § 24-9-20; *Brock v. State*, 179 Ga. App. 519 (347 SE2d 230) (1986).

*Judgment affirmed. Pope, J., concurs. Birdsong, C. J., concurs in judgment only.*

110

*Gregory Z. Schroeder*, for appellant.
*Linda S. Finley , Assistant Solicitor*, for appellee.