A91A1294. SHAW v. THE STATE.
(411 SE2d 534)

ANDREWS, Judge.
While Shaw held the store manager's family at gunpoint in their residence and robbed them, his accomplice forced the manager to return to the store to open the safe. The manager was able to summon police to the store and foil the attempted armed robbery. When police

arrived at the manager's residence, Shaw tried to escape by abducting family members as hostages. Shaw was convicted by a jury of kidnapping, kidnapping with bodily injury, armed robbery, criminal attempt to commit armed robbery, burglary, and possession of a firearm during the commission of a crime.

1. Shaw contends the trial court erred by refusing to grant his motion brought pursuant to *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), claiming the state deliberately discriminated against him on the basis of race by using all of its peremptory strikes to exclude blacks from the jury. The state argues that the motion was not timely brought prior to the jury being sworn. *State v. Sparks*, 257 Ga. 97, 98 (355 SE2d 658) (1987). The record fails to support the state's contention. The record shows the jury was "struck, empaneled and seated in the box" prior to the defendant's motion, but it does not indicate whether they were sworn before or after the motion. Assuming the motion was timely, we find no error. "To establish a prima facie case of purposeful discrimination in jury selection under *Batson*, a defendant must show that he is a member of a cognizable racial group, that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race, that these facts and any other relevant circumstances raise an inference that the prosecutor used the practice of peremptory strikes to exclude the veniremen from the petit jury on account of their race. Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. The prosecutor may not rebut the defendant's case merely by denying he had a discriminatory motive. The prosecutor therefore must articulate a neutral explanation related to the particular case to be tried. The trial court will then have the duty to determine if the defendant has established purposeful discrimination." (Punctuation and citations omitted.) *Burgess v. State*, 189 Ga. App. 790, 792-793 (377 SE2d 543) (1989). The defendant has the burden to complete the record to establish a prima facie case with information revealing "the racial composition of the panel from which the jury was selected, the racial breakdown of the strikes of both parties, and the racial composition of the resulting jury." *Aldridge v. State*, 258 Ga. 75, 77 (365 SE2d 111) (1988).

Though not explicitly so stated, we gather from the record as a whole that the defendant is black. However, the only portion of the record disclosing the racial composition of the panel, the racial breakdown of the peremptory strikes, and the racial composition of the selected jury, is in colloquy between defense counsel, the state, and the court during the defendant's motion. In arguing the motion, defense counsel stated for the record that the state used all ten of its strikes to exclude blacks. The trial court recalled that the jury selected con-

440

tained nine blacks and three whites. The state contended the jury was composed of ten blacks and two whites, and that the jury panel from which the jury was selected contained 22 blacks and 20 whites.[1] Colloquies between court and counsel and argument of counsel, though included in the record, are not competent evidence of the facts observed therein, and do not suffice to make a proper record of facts required to establish a prima facie case of discrimination. *National Assn. &c. People v. Pye*, 96 Ga. App. 685, 686 (101 SE2d 609) (1957); *Johns v. State*, 166 Ga. App. 656, 657 (305 SE2d 405) (1983). Shaw did not amend or supplement the record to reflect the necessary facts pursuant to OCGA § 5-6-41 (f), nor do we find any stipulation in the record as to the facts pursuant to OCGA § 5-6-41 (i). Accordingly, Shaw has not carried his burden to show by the record the facts necessary to prove his claim under *Batson. Aldridge*, supra at 77.

2. In his second enumeration of error, Shaw claims the trial court erred in failing to grant his motion for a mistrial. During testimony by Shaw regarding how one of the victims sustained a cut on her head, the victim shouted, "You lie. You hit me on top of the head." The trial court denied Shaw's motion for a mistrial, instructed the jury to disregard the comment, and asked any jury member who did not believe they could disregard the statement to inform the court. No member of the jury indicated it could not disregard the outburst.

Whether a mistrial must be granted under theses circumstances, or whether any prejudice can be cured by instructions to the jury, is ordinarily in the discretion of the trial court. "The trial court's ruling will not be disturbed on appeal absent an abuse of discretion, which does not exist if the curative instructions given can serve to prevent the alleged harmful testimony from having any prejudicial impact and/or the jury indicates that it can follow the instructions and will not consider any improper prejudicial statements or testimony." *Crawford v. State*, 256 Ga. 585, 587 (351 SE2d 199) (1987). The trial court did not abuse its discretion in denying the motion for mistrial.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 8, 1991.

*A. Stephenson Wallace*, for appellant.
*Michael C. Eubanks, District Attorney, Richard E. Thomas*, As-

---

[1] These figures, though not competent evidence and not sufficient to establish a record for appellate review, in any event, fail to establish a prima facie case requiring the state to explain the use of its peremptory strikes. Since they indicate blacks composed 52.4 percent of the jury panel and at least 75 percent of the selected jury, no prima facie case of discrimination is shown. *Brown v. State*, 261 Ga. 184, 185 (402 SE2d 725) (1991); *Ponder v. State*, 194 Ga. App. 446, 449 (390 SE2d 869) (1990).