### A92A0743. LOVE v. THE STATE.

(421 SE2d 125)

ANDREWS, Judge.

Love appeals his conviction of one count of selling cocaine.

1. Love contends the court erred in refusing to grant his motion brought pursuant to *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), claiming that the State deliberately discriminated against him on the basis of race by using nine of its ten peremptory strikes to exclude blacks from the jury.

In order to establish a prima facie case of purposeful discrimination for *Batson* purposes, a defendant must show that the prosecutor has exercised peremptory challenges to remove from the venire members of a particular race, and that these facts and other relevant circumstances raise an inference that the prosecutor used the practice of peremptory strikes to exclude veniremen from service on the petit jury on account of their race. *Shaw v. State,* 201 Ga. App. 438, 439 (1) (411 SE2d 534) (1991).[1]

The actual voir dire is not part of the record here, but the State did stipulate that it used nine of its ten strikes to strike blacks from the jury. The defendant also asked the court to take judicial notice that he was black.

"However, the only portion of the record disclosing the racial composition of the panel, . . . , and the racial composition of the selected jury is in colloquy between defense counsel, the State, and the court during the defendant's motion. . . . Colloquies between court and counsel and argument of counsel, though included in the record, are not competent evidence of the facts observed therein, and do not suffice to make a proper record of facts required to establish a prima facie case of discrimination. [Cits.]" *Shaw,* supra at 439, 440. Since there was no supplementation of the record pursuant to OCGA § 5-6-

---

[1] Since the decision in *Powers v. Ohio,* 499 U. S. __ (111 SC 1364, 113 LE2d 411) (1991), it is no longer necessary that the defendant be a member of the protected class. The right also may be exercised in civil trials, *Edmonson v. Leesville Concrete Co.,* 500 U. S. __ (111 SC 2077, 114 LE2d 660) (1991), and a defendant is also precluded from exercising his peremptory strikes in a racially discriminatory manner. *Georgia v. McCollum,* __ U. S. __ (112 SC 2348, 120 LE2d 33) (1992).

41 (f), nor sufficient stipulation pursuant to OCGA § 5-6-41 (i), defendant has not carried his burden to prove his claim under *Batson*.[2]

2. In his second and third enumerations, Love contends the court erred in allowing into evidence a piece of rock cocaine when the chain of evidence was not properly shown and in allowing the State to recall a witness to explain the alleged discrepancy in the testimony.

Undercover agent Smith purchased two pieces of rock cocaine on November 27, 1990. He drove up to a group of men on a corner and defendant Love asked him if he wanted "rock" when Smith said he was looking for something to smoke. When Smith answered affirmatively, Love took a match box out of his pocket and handed Smith one piece. Then, Love received a second piece from Hall, standing next to him, and Love also handed that to Smith, receiving a total of $40 for the two "twenties."

At trial, Chief Davis initially testified that he received one piece of cocaine from agent Smith and delivered it to the crime lab. When State's exhibit 1, a plastic bag containing two pieces of cocaine, was tendered, it was objected to on the ground of chain of custody. The court overruled the objection and allowed the State to recall Chief Davis, who explained that the second piece was labelled with the Hall case information, but was received by him at the same time as the Love piece.

There was no error. *Williams v. State*, 199 Ga. App. 122, 123 (2) (404 SE2d 296) (1991) (chain of custody adequately shown); *Floyd v. State*, 156 Ga. App. 741, 742 (2) (275 SE2d 786) (1980) (trial judge controls witnesses and conduct of trial and it is always within his discretion to allow a witness to testify).

3. Finally, defendant contends his right of cross examination was improperly abridged because the court would not allow him to exhibit a document to Chief Davis for the purpose of refreshing his recollection.

Pretermitting the validity of the argument concerning refreshing a witness' recollection with unadmitted evidence, defendant has shown no harm from the error, if any. Defendant sought to show Chief Davis the court record concerning the indictment and plea of Hall to drug charges. When the State objected to the chief's testifying to the contents of the document without it being in evidence, defend-

---

[2] The statements of counsel that there were 13 blacks on the panel of 42, or 30.9 percent, and 4 of the 12 seated were black, or 33-1/3 percent, also defeats defendant's making out a prima facie case, even if the statements were accepted as evidence and assuming the continued viability of the numerical analysis. *Weems v. State*, 262 Ga. 101, 102 (fn. 3) (416 SE2d 84) (1992); *Aldridge v. State*, 258 Ga. 75 (365 SE2d 111) (1988); *Willis v. State*, 201 Ga. App. 727, 728 (1) (411 SE2d 714) (1991). Here, the prosecutor made racially neutral explanations found acceptable to the court and we do not find this determination clearly erroneous. *Tharpe v. State*, 262 Ga. 110, 112 (6) (416 SE2d 78) (1992).

ant tendered the document, which was admitted without objection. The chief then testified to the disposition of the charges against Hall. Having shown no harm, there is no reversible error. *Hall v. State*, 198 Ga. App. 434, 436 (2) (401 SE2d 623) (1991).

The remaining argument made here was not made below and will not be considered here for the first time. *Truelove v. State*, 198 Ga. App. 14 (2) (400 SE2d 396) (1990).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JULY 14, 1992.

*Herbert W. Benson,* for appellant.

*David E. Perry, District Attorney, Ronnie A. Wheeler, A. Douglas Newsome, Assistant District Attorneys,* for appellee.