### A93A0055. COKER v. THE STATE.
(428 SE2d 578)

McMURRAY, Presiding Judge.

Defendant Coker appeals his conviction of the offenses of armed robbery and possession of a firearm during commission of a crime. *Held:*

1. Defendant enumerates as error the trial court's refusal to grant his motion brought pursuant to *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69). Defendant contends that the State improperly used its peremptory strikes to exclude blacks from the jury. "The defendant has the burden to complete the record to establish a prima facie case with information revealing 'the racial composition of the panel from which the jury was selected, the racial breakdown of the strikes of both parties, and the racial composition of the resulting jury.' *Aldridge v. State,* 258 Ga. 75, 77 (365 SE2d 111). . . . Colloquies between court and counsel and argument of counsel, though included in the record, are not competent evidence of the facts observed therein, and do not suffice to make a proper record of facts required to establish a prima facie case of discrimination. [Cits.] [Defendant] did not amend or supplement the record to reflect the necessary facts pursuant to OCGA § 5-6-41 (f), nor do we find any stipulation in the record as to the facts pursuant to OCGA § 5-6-41 (i). Accordingly, [defendant] has not carried his burden to show by the record the facts necessary to prove his claim under *Batson. Aldridge [v. State,* 258 Ga. 75,] at 77." *Shaw v. State,* 201 Ga. App. 438, 439, 440 (411 SE2d 534). Although developments in the law have cast some question upon the prima facie requirement (*Weems v. State,* 262 Ga. 101, 102 (416 SE2d 84)), we are aware of no decision striking this threshold requirement. In the light of the recent post-*Weems* decision in *Love v. State,* 205 Ga. App. 27 (421 SE2d 125), it is clear that the prima facie requirement is intact and that *Shaw v. State,* 201 Ga. App. 438, supra, remains binding precedent.

In any event, the numbers mentioned in the colloquy during the hearing of defendant's motion in the case sub judice, though not competent evidence and not sufficient to establish a record for appellate review, fail to establish a prima facie case requiring the State to explain the use of its peremptory strikes under the numerical analysis stated in *Aldridge v. State*, 258 Ga. 75, supra. It was stated at the hearing that of the panel of 48 potential jurors, 19 were black, while the jury selected included 5 or 6 blacks. Furthermore, the prosecutor made racially neutral explanations found acceptable to the trial court and we do not find this determination clearly erroneous. *Tharpe v. State*, 262 Ga. 110, 111 (6), 112 (416 SE2d 78).

2. The armed robbery occurred when the manager of a gas station attempted to take the business' deposit to the bank. Defendant confronted the manager as she was entering her car parked on the business premises. The State presented testimony from the assistant manager of a business located adjacent to the gas station. This testimony related that the adjacent business had received reports over a period of a week that there was a vehicle parked in back of the business. Upon investigating one of these reports, the assistant manager of the adjacent business found defendant parked at such an angle that his vehicle faced and defendant was able to observe the business which was robbed. When asked whether she had any particular concern as to what defendant was doing back there, the witness acknowledged that there had been some concern as to what defendant was doing and that one of her companions had asked defendant if he was dealing drugs. Defendant objected and moved for a mistrial on the grounds that the State was implying that defendant was selling drugs. Defendant's objection was overruled and his motion for mistrial denied.

Defendant enumerates as error the denial of his motion for mistrial arguing that his character was improperly placed into evidence. However, the evidence of defendant's observation of the gas station he was charged with robbing was relevant to establish his intent and course of conduct. It was germane to this showing to delve into defendant's reason for parking at that location. "Evidence which is relevant is not rendered inadmissible because it incidentally places a defendant's character in issue. . . ." *Stitt v. State*, 256 Ga. 155, 156 (1) (345 SE2d 578). In any event, we question whether the testimony objected to was sufficient to raise the implication argued by defendant. Even if it did, there was no error.

3. Defendant contends the trial court erred in admitting into evidence certain dispossessory warrants filed against defendant less than a month prior to the crimes at issue. Defendant argues that this evidence improperly placed his character in evidence. However, the evidence also served to demonstrate defendant's motive for committing

an armed robbery. "[E]vidence admissible to show motive is not rendered inadmissible because it incidentally places the defendant's character in issue. *Parker v. State,* 169 Ga. App. 966 (2) (315 SE2d 683) (1984)." *Brock v. State,* 179 Ga. App. 519, 520 (1) (347 SE2d 230).

4. The trial court did not err in denying defendant's request to charge on robbery by force as a lesser included offense of armed robbery. The manager of the gas station, from whom the business' bank deposit was taken, testified that the defendant was armed with a silver colored, stainless steel revolver. Regardless of whether a gun was ever recovered by law enforcement officers or placed in evidence, the evidence proved the greater offense or none at all. Under these circumstances there was no error in refusing to give a requested charge on the lesser offense. *Peebles v. State,* 260 Ga. 430, 433 (4) (396 SE2d 229).

5. After the verdict was received and the jury dismissed, the trial court revealed that the jury, during their deliberations, had sent out four questions concerning evidentiary matters to which it had responded in writing "that I was not allowed to comment on evidence, they would have to draw on their collective recollections of what the evidence was, and left it at that." The trial court explained that "[y]ou all weren't available at the time, so I just went ahead and did that."

Defendant contends that the trial court committed reversible error by responding to the juror's questions in the absence of defendant. See *Collins v. State,* 191 Ga. App. 289 (2), 291 (381 SE2d 430). The well established rule is that the defendant must be present when the trial court takes any action materially affecting his case. *Collins* at 290. Unlike *Collins,* the trial court in the case sub judice did not instruct the jury on a substantive issue in the defendant's absence. In the case sub judice, the trial court merely refused to answer the jury's questions concerning the evidence. Under the rule stated in *Leverette v. State,* 104 Ga. App. 743 (1) (122 SE2d 745), such a refusal is not harmful error.

*Judgment affirmed. Cooper, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 2 through 5.

In concur in Division 1 insofar as the court holds that the trial court's determination as to the State's strikes is not clearly erroneous. *Tharpe v. State,* 262 Ga. 110, 112 (416 SE2d 78) (1992), citing *Hightower v. State,* 259 Ga. 770, 773 (11) (386 SE2d 509) (1989); *Gamble v. State,* 257 Ga. 325, 327 (5) (357 SE2d 792) (1987). According to statements of counsel and the court at the hearings, eight of the

nineteen black members of the venire were peremptorily stricken by the State. Seven were female. As to each one, the State gave its explanation, the defendant responded, and the trial court ruled that the reasons given were racially neutral and thus legitimate.

The values to be served by assuring a racially-neutral jury selection process are threefold: "To protect individual defendants from discrimination," to protect the " 'dignity of persons,' " i.e., prospective jurors, and to protect the " 'integrity of the courts.' " *Georgia v. McCollum*, 505 U. S. ___ (112 SC 2348, 120 LE2d 33, 44) (1992). The test on appeal is whether the court's ruling was clearly erroneous. Having reviewed the reasons articulated by the State, I cannot conclude that the trial court clearly erred.

DECIDED FEBRUARY 9, 1993 —
RECONSIDERATION DENIED FEBRUARY 24, 1993 — 

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, Elise B. Gray, Assistant District Attorney*, for appellee.