## A94A1777. SHARP v. FAGAN.
(449 SE2d 648)

SMITH, Judge.

Tony Fagan brought suit against Paul Sharp, seeking recovery of damages for injuries resulting from a collision in which Sharp's pickup truck hit Fagan's car from the rear. The jury returned a verdict in favor of Fagan for $15,000, and Sharp appeals.

1. Sharp contends the trial court erred in denying his challenge to Fagan's exercise of jury strikes in a racially discriminatory manner. Sharp, who is white, asserts that Fagan, who is black, used all his jury strikes to remove white persons from the jury, in contravention of the principles set forth in *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) and *Edmonson v. Leesville Concrete Co.*, 500 U. S. 614 (111 SC 2077, 114 LE2d 660) (1991).

State courts must consider a private litigant's challenge to the use of peremptory challenges in a civil trial. *Strozier v. Clark*, 206 Ga. App. 85, 86 (1) (424 SE2d 368) (1992). In order to establish a prima facie case of purposeful discrimination in jury selection on the basis of race, however, Sharp had the burden to complete the record to include information revealing the racial composition of the panel from which the jury was selected, the racial breakdown of the strikes of both parties, and the racial composition of the resulting jury. *Woods v. State*, 208 Ga. App. 565, 566 (431 SE2d 167) (1993).

Sharp has supplemented the record with the original jury list and the list of the jurors struck during the trial at issue. Those lists, however, do not provide the information required because they do not show the race of the individuals listed. The transcript does reflect a colloquy between court and counsel regarding the racial composition of the jury selected. It is unclear whether that colloquy may be considered as evidence in this civil case. Compare *Shaw v. State*, 201 Ga. App. 438, 439-440 (1) (411 SE2d 534) (1991) (mere colloquy between counsel and the court is insufficient to perfect the record for appellate review of a *Batson* claim) with *Staples v. State*, 209 Ga. App. 802 (1), n. 1 (434 SE2d 757) (1993) and *Rector v. State*, 213 Ga. App. 450, 451 (2), n. 1 (444 SE2d 862) (1994) (statement of prosecutor "for the record" serves in nature of stipulation if no objection made). We need not decide this question, however, since the record contains absolutely no evidence regarding the racial composition of the entire panel. Therefore, since Sharp has not met his burden to show by the record the facts necessary to prove his claim, we cannot consider this

enumeration. *Shaw,* supra at 440 (1); *Love v. State,* 205 Ga. App. 27, 28 (1) (421 SE2d 125) (1992).[1]

2. Sharp's counsel opened his cross-examination of Dr. David Reise, the chiropractor who treated Fagan, with the question: "You have your patient[s] execute a lien when they come to see you, don't you?" Fagan's counsel immediately objected to the question, and the trial court ruled the question improper. Sharp asserts error in the trial court's refusal to allow him to cross-examine Reise in this fashion. He argues that because Fagan assigned to Reise his claim for reimbursement of medical expenses, Reise had an obvious interest in the outcome of the litigation, which Sharp was entitled to explore. *Bd. of Trustees &c. of Ga. v. Englade,* 256 Ga. 458, 459 (2) (349 SE2d 703) (1986).

We agree with Sharp that a party is entitled to show anything that affects the credibility of an opposing witness. *Ayers v. Nichols,* 136 Ga. App. 532 (1) (221 SE2d 835) (1975). However, no interest in the outcome of the litigation or any other bias was shown here. In his offer of proof, Sharp introduced the document in question. Although it contains an assignment to Reise of Fagan's interest in his claim against parties responsible for his injuries, it purports to assign only so much of Fagan's interest in his claim against those parties as is necessary to pay the chiropractor's charges for treatment.

The record also contains documents showing that no funds recovered in Fagan's claim against Sharp would be necessary to pay Reise's charges, because those charges had been paid in full. These documents negate the basis on which Sharp contends the witness was biased. Sharp's counsel was aware of these documents, since they were provided to Sharp during discovery. No bias on the part of the witness having been demonstrated, no basis for admitting the testimony was shown. The trial court did not err in refusing to allow the challenged question.

3. Sharp's contention that the trial court erred in denying his motion for a directed verdict on Fagan's claim for medical expenses is based upon his assertion that because of the assignment, Fagan was not the real party in interest as to that claim. This argument is without merit because of the facts discussed in Division 2. Moreover, in

---

[1] Although we do not consider it in addressing this enumeration, we note as well that the record does not reveal when the *Batson/Edmonson* claim was raised. The transcript shows that Sharp's counsel stated he made the motion in timely fashion during jury selection. However, this is not evidence. *Shaw,* supra. The motion was not taken up or ruled on until after witnesses had testified. As this court noted in *Calhoun v. Purvis,* 206 Ga. App. 565, 568 (2) (425 SE2d 901) (1992), although no judicial guidelines exist regarding the time and manner of presentation of a *Batson/Edmonson* claim in a civil action, logic dictates that such a challenge should be raised at a time when opportunity still exists to correct any possible violation.

Georgia, assignment of the right of action for a personal tort is not permitted, OCGA § 44-12-24, rendering any purported assignment void.

4. Sharp maintains it is "undisputed" that Fagan was impeached during cross-examination by means of a prior inconsistent statement, and the trial court erred, therefore, in refusing to give Sharp's requested jury charge on impeachment. We do not agree.

For a refusal to charge to be error, the request must be correct, adjusted to the evidence, and not otherwise covered in the general charge. *Coastal Equities v. Chatham County Bd. &c.*, 201 Ga. App. 571, 574 (411 SE2d 540) (1991). OCGA § 24-9-85 (a) provides only that the credibility of a witness as to other testimony is for the jury to determine if he is "successfully contradicted *as to a material matter*." (Emphasis supplied.) We agree with Fagan that the exchange during cross-examination regarding whether Fagan first felt pain from his injuries on Saturday evening or Sunday evening following the accident is not such a "material matter" requiring a specific instruction on impeachment. The charge requested was not adjusted to the evidence.

The trial court charged the jury on the credibility of witnesses, and instructed them they could consider, among other things, the witnesses' demeanor, "the probability or improbability of their testimony, and also their personal credibility insofar as that may legitimately appear from the trial of the case." This instruction adequately covered the necessary principles.

5. We find no merit in Sharp's assertion of error in the trial court's refusal to give three requested charges concerning damages. The requested charges covered instructions on remote damages and nominal damages, as well as a general instruction that the damages awarded must be fair to both parties. These charges either were not adjusted to the evidence or were covered in the court's general charge.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 24, 1994.

*Miller & Towson, James V. Towson,* for appellant.
*Jane M. Jordan,* for appellee.