519 S.E.2d 234 (1999)
238 Ga. App. 561
WASHINGTON
v.
The STATE.
No. A99A0697.
Court of Appeals of Georgia.
May 28, 1999.
Reconsideration Dismissed June 16, 1999.
*235 Robert A. Maxwell, Atlanta, for appellant.
Patrick H. Head, District Attorney, Nancy I. Jordan, Debra H. Bernes, Forrest K. Shealy, Assistant District Attorneys, for appellee.
HAROLD R. BANKE, Senior Appellate Judge.
LeBarron Washington was convicted of selling cocaine and sentenced to a life term. Washington appeals.
The evidence showed that while Agent David Gordon was working undercover in an area of known drug activity, Washington approached him to effectuate a drug deal. After negotiating the sale, they walked together to the end of a shopping center where Washington showed the agent four pink small ziplock baggies each containing a rock of crack cocaine. When Washington informed Gordon that the price was $80 for two, Gordon kept one baggie and returned the other to him. At a signal from Gordon, uniformed officers began to pursue Washington whom they apprehended moments later inside a laundromat. Serial numbers on the two $20 bills discovered during a custodial search of Washington matched the numbers recorded by Gordon prior to the sale. At another location, Gordon identified Washington as the person who sold him the cocaine. Held:
1. In two enumerations of error, Washington contends that the verdict was contrary to the law and the evidence.
On appeal, the evidence must be viewed in a light most favorable to the verdict and Washington no longer enjoys the presumption of innocence. Pollard v. State, 230 Ga.App. 159, 495 S.E.2d 629 (1998). The evidence showed that Washington made a direct hand-to-hand sale of $40 worth of crack cocaine to an undercover agent who later identified him. The serial numbers on the money were the ones previously recorded *236 by the agent. This evidence was sufficient within the meaning of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) to support Washington's conviction for selling cocaine.
2. Offering four grounds, Washington contends that he was denied a fair trial because he received ineffective assistance of counsel.
To establish ineffectiveness, an appellant must show not only that his counsel's performance was deficient, but also that the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Rucker v. State, 268 Ga. 406, 407(2), 489 S.E.2d 844 (1997). Failure to satisfy either prong of the Strickland standard is fatal to an ineffectiveness claim. Brewer v. State, 224 Ga.App. 656, 657-658(2), 481 S.E.2d 608 (1997). Moreover, a defendant must overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonable professional conduct. Ross v. State, 231 Ga.App. 793, 795(1), 499 S.E.2d 642 (1998).
(a) Washington asserts that his counsel's failure to request the recordation of voir dire constituted ineffectiveness.
Transcription of voir dire is not mandatory in non-capital felony cases. Primas v. State, 231 Ga.App. 861, 862-863(2), 501 S.E.2d 28 (1998). Moreover, Washington has not established any particular error that would have been disclosed had voir dire been transcribed. Lindo v. State, 218 Ga.App. 756, 758(2), 463 S.E.2d 148 (1995). Washington's failure to demonstrate harm stemming from the absence of a transcript is fatal to this claim. Williams v. State, 265 Ga. 681, 683(3), 461 S.E.2d 530 (1995).
(b) Washington contends that his counsel was ineffective for not choosing to submit a motion pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Because Washington failed to supplement the record pursuant to OCGA § 5-6-41(f) or to obtain sufficient stipulation pursuant to OCGA § 5-6-41(i), he has not carried his burden to prove the existence of a Batson issue. Love v. State, 205 Ga.App. 27-28(1), 421 S.E.2d 125 (1992); see Sharp v. Fagan, 215 Ga.App. 44-45(1), 449 S.E.2d 648 (1994).
(c) Washington asserts that his counsel was ineffective for not challenging the undercover agent's identification since his main defense was misidentification. Washington's argument is belied by the unexplained presence of the marked bills on his person. Nor did Washington establish that the outcome of this trial would have been different had his counsel contested the agent's identification. Maddox v. State, 218 Ga.App. 320, 324(2), 461 S.E.2d 286 (1995).
(d) Washington contends that his counsel was ineffective for advising him not to testify. He asserts that he received flawed advice that if he were to testify, then the prosecution would inject his criminal history into the case. But, his trial counsel contradicted this claim and testified that he carefully explained to Washington that he did not have to testify, but that if he did take the stand, he would need to be careful to avoid placing his character in issue.
The decision to testify on one's own behalf lies in the exclusive province of a defendant after full consultation with an attorney. Reid v. State, 235 Ga. 378, 379(1), 219 S.E.2d 740 (1975). Here, such a consultation occurred. In view of the strong presumption that his counsel properly advised him, we cannot say the trial court's finding that Washington was not denied effective assistance of counsel was clearly erroneous. Kelly v. State, 267 Ga. 252, 253(2), 477 S.E.2d 110 (1996); Ross, 231 Ga.App. at 795, 499 S.E.2d 642.
3. Although Washington contends that the Chief Judge of the Magistrate Court of Cobb County who presided over his trial lacked the authority to do so, he waived this issue by waiting until after his trial concluded to raise the issue. Kittler v. State, 234 Ga.App. 120, 506 S.E.2d 231 (1998); compare Hicks v. State, 231 Ga.App. 552, 553(1), 499 S.E.2d 341 (1998).
4. Washington contends that the court erred in sentencing him to a life term under OCGA § 16-13-30(d) because the State *237 failed to give him written notice of its intent to seek the imposition of a life term.
Where a life sentence is sought to be imposed under OCGA § 16-13-30(d), the State must notify a defendant of any conviction that it intends to use in aggravation of punishment pursuant to OCGA § 17-10-2(a). Armstrong v. State, 264 Ga. 237, 238, 442 S.E.2d 759 (1994). But neither OCGA § 17-10-2(a) nor § 16-13-30(d) requires the State to give such notice in writing. Rather, under OCGA § 17-10-2(a), the State must provide "clear notice." Powell v. State, 229 Ga.App. 52, 53(1), 494 S.E.2d 200 (1997); Jordan v. State, 217 Ga.App. 420, 422-423(3), 457 S.E.2d 692 (1995). Written notice that the State intends to present evidence of prior convictions coupled with oral notice that the State intends to seek a life sentence satisfies the notice requirement. Kendrick v. State, 224 Ga.App. 72, 75(8), 479 S.E.2d 464 (1996); Moss v. State, 206 Ga. App. 310, 312(5), 425 S.E.2d 386 (1992). The record establishes that such dual notice was given to Washington here. Moreover, due to Washington's failure to object to the admission of the prior convictions during sentencing, the alleged error was waived. Armstrong, 264 Ga. at 239(3), 442 S.E.2d 759; Hatcher v. State, 224 Ga.App. 747, 750(2)(b), 482 S.E.2d 443 (1997).
Judgment affirmed.
BLACKBURN, P.J., and BARNES, J., concur.