A03A0472. BOWDEN v. THE STATE.
(582 SE2d 564)

ANDREWS, Presiding Judge.

J. T. Bowden appeals from the denial of his motion for new trial following his conviction by a jury of one count of aggravated assault with intent to rob Matthews.[1]

1. Viewed in favor of the jury's verdict, the evidence was that Matthews, Marsh and Kahlert had gone to dinner on November 19, 2000. For dessert, the women were going to a restaurant on Crescent Avenue in Atlanta. Matthews parked across the street from the restaurant in a bank parking lot, and the three women got out of the car. Three men then surrounded the women, and one put a gun in Marsh's back. Marsh ran, but another of the men, later identified as Bowden, put a gun to Matthews' head and demanded her purse. Matthews got a good look at him because her car headlights had not yet gone out and the parking lot was well lighted. The man was close enough to her that she could feel his breath on her and the gun against her head was shaking. Matthews focused on him for several seconds and gave a detailed description, including the fact that the man was a light skinned African-American with freckles and a missing tooth.

Bowden, who was light skinned and missing a tooth, was apprehended by a police officer a couple of blocks from the scene.[2]

The evidence was legally sufficient. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Bowden's two enumerations are that the trial court erred in finding he had failed to make a prima facie showing of racial and gender discrimination in the State's exercise of its peremptory strikes, pursuant to *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712,

---

[3] *Childress v. State,* 251 Ga. App. 873 (554 SE2d 818) (2001).

[1] Bowden was charged with other counts regarding Kahlert and Marsh, but a verdict was directed as to Marsh, and Bowden was acquitted of the other counts.

[2] The other two perpetrators were not found.

90 LE2d 69) (1986), and that the court erred in retroactively ruling on the State's reasons for its strikes during the hearing on his motion for new trial.

In order to make out a prima facie case of purposeful discrimination, the challenging party must show that " 'the totality of the relevant facts gives rise to an inference of discriminatory purpose.' [Cits.]" *Whatley v. State*, 266 Ga. 568, 570 (3) (468 SE2d 751) (1996). "Although 'circumstantial evidence of invidious intent may include proof of disproportionate impact,' . . . numbers alone [may] not establish a disproportionate exercise of strikes sufficient to raise a prima facie inference that the strikes were exercised with discriminatory intent." (Citation omitted.) *Whitaker v. State*, 269 Ga. 462, 464 (3) (499 SE2d 888) (1998), quoting *Batson*, supra, 476 U. S. at 93. See also *Livingston v. State*, 271 Ga. 714, 718 (2) (524 SE2d 222) (1999).

Reviewing the record and transcript here reveals that the only information available regarding the racial composition of the panel and of the selected jury was colloquy between defense counsel, the State, and the court during Bowden's *Batson* motion and then during the hearing on his motion for new trial.

" 'Colloquies between court and counsel and argument of counsel, though included in the record, are not competent evidence of the facts observed therein, and do not suffice to make a proper record of facts required to establish a prima facie case of discrimination. (Cits.)' *Shaw* [*v. State*, 201 Ga. App. 438, 439, 440 (411 SE2d 534) (1991)]." *Love v. State*, 205 Ga. App. 27 (1) (421 SE2d 125) (1992); see also *Coker v. State*, 207 Ga. App. 482 (1) (428 SE2d 578) (1993).

Even if we were to accept the numbers put forth in the colloquy, however, Bowden has still failed to make out a prima facie case. Of the pool of 48 potential jurors, 15 were African-American, or 31.25 percent of the panel. Of the seated jury, there were five black females, four white males, and three white females, making the seated panel 41.6 percent African-American, a greater proportion than in the pool. See *Livingston*, supra, 271 Ga. at 718 (2). While Bowden argues gender discrimination[3] as well as racial discrimination, there was no showing made in any fashion of the gender breakdown of the 48 potential jurors. The only strike used by the State against an African-American male was as to juror 33, according, again, to colloquy.

Bowden did not amend or supplement the record to reflect the necessary facts pursuant to OCGA § 5-6-41 (f), nor do we find any stipulation in the record as to the facts pursuant to OCGA § 5-6-41

---

[3] Litigants may not base peremptory strikes on gender. *J. E. B. v. Alabama*, 511 U. S. 127 (114 SC 1419, 128 LE2d 89) (1994); *Tedder v. State*, 265 Ga. 900, 901 (2) (463 SE2d 697) (1995).

(i). Accordingly, he has not carried his burden to show by the record the facts necessary to prove his claim under *Batson*. *Aldridge v. State*, 258 Ga. 75, 77 (365 SE2d 111) (1988); *Shaw*, supra, 201 Ga. App. at 438-440.

As to juror 33, although not required to by the court, the State put forth reasons for striking that juror, that he had two uncles who had been arrested for DUI and burglary and he did not feel one of them had been treated fairly by the police or the justice system.

Although the court, having determined no prima facie case had been made, did not, at that point, explicitly find the proffered reasons racially neutral, during the hearing on the motion for new trial, at the request of the State, the court did find these reasons racially neutral. *Livingston*, supra, 271 Ga. at 718; see *Gray v. State*, 260 Ga. App. 197, 201 (3) (581 SE2d 279) (2003); *Jones v. State*, 246 Ga. App. 596, 597 (1) (539 SE2d 602) (2000).

Here, Bowden argues that this procedure was improper. Pretermitting the fact that the transcript of the hearing on the motion for new trial shows that no objection was made below to this procedure, it was not improper. *Sharpe v. State*, 272 Ga. 684, 689 (8) (531 SE2d 84) (2000); *Chavarria v. State*, 248 Ga. App. 398, 399 (2) (546 SE2d 811) (2001).

*Judgment affirmed. Adams, J., concurs. Barnes, J., concurs in the judgment and concurs specially.*

BARNES, Judge, concurring specially.

While I concur in the judgment affirming Bowden's conviction of aggravated assault, I do not agree with all of the majority's *Batson* analysis in this case. Accepting for argument's sake the numbers stated in the colloquy between the court and counsel, the majority indicates that Bowden failed to make a prima facie case of discrimination because the percentage of the seated panel was greater than the percentage of the jury pool. A lower percentage of minority members in the seated jury than in the available pool is not required to establish a prima facie case. *Davis v. State*, 263 Ga. 5, 7 (10) (426 SE2d 844) (1993); *Berry v. State*, 263 Ga. 493 (435 SE2d 433) (1993). Therefore, I concur specially.

DECIDED MAY 29, 2003.

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.