**THIRD DIVISION**
**DOYLE, P. J.,**
**DILLARD, P. J., and REESE, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 24, 2021**

# In the Court of Appeals of Georgia

A21A0278. HEWELL v. THE STATE.

REESE, Judge.

A jury found Christopher Hewell guilty of one count of first degree burglary and two counts of misdemeanor theft by taking.[1] Hewell filed an amended motion for new trial, and following a hearing, the court denied his motion. Hewell appeals the trial court's ruling, arguing, inter alia, that the court erred in improperly admitting evidence of his prior bad acts. For the reasons set forth infra, we agree and therefore reverse the trial court's ruling.

---

[1] See OCGA §§ 16-7-1 (b); 16-8-2.

Viewed in the light most favorable to the jury's verdict,[2] the evidence shows the following material facts. In 2016, James Swaim hired Hewell as a handyman to perform various jobs at his lake house in Greene County. Some of these tasks required Hewell to enter Swaim's home, although Swaim stated that he did not remember providing Hewell with a key. While Hewell was working on these projects, Swaim often had to leave the house for conference calls because his cell phone had poor service, leaving Hewell alone in the home.

Swaim reported that in the latter part of March 2017 he traveled to Kentucky, shortly after Hewell had completed the final project on the house. Upon returning from his trip, Swaim's son informed him that a TV was missing from the lake house's sunroom. Swaim surveyed the house and discovered that, in addition to the TV, multiple items were missing, including a compound bow, a chainsaw, a leaf blower, and fishing equipment. Swaim informed the Greene County sheriff's department of the missing items and stated that, although he thought the house was secure when he left for Kentucky, he noticed that a deadbolt was not working when he returned. Swaim also noted that there were no signs of forced entry. According to him, the

---

[2] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979); *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

missing items were in the house at the time Hewell completed his work and before Swaim traveled to Kentucky.

While working on Swaim's house, Hewell and his family were living in two rooms of a three-bedroom house owned by Annette Ray. Hewell rented these rooms from Ray, who lived in the third bedroom. In February 2017, Dennis Hall also moved into Ray's house, and stayed in the living room as all of the bedrooms were occupied. During this time, Hall kept his personal items in the dining room and various closets throughout the home. Shortly after moving in, Hall discovered that several items were missing, including his TV, a crossbow, fishing equipment, and cans of coins. Hall reported the items as stolen to the police.

In April 2017, Hewell was arrested and interviewed regarding the property missing from Swaim's house. Although he initially denied taking the property, ultimately Hewell admitted to taking items from both Swaim and Hall. Hewell was then indicted on three counts of burglary in the first degree related to the stolen items. Count one charged that he entered Swaim's house with the intent to commit a theft, and counts two and three charged that he entered Hall's house.

At trial, Hewell admitted stealing most of the missing items, but argued that he did not impermissibly enter either residence to take them; thus, he was only guilty of

3

theft by taking. The trial court permitted the State to present evidence of Hewell's two

2014 convictions. The jury found Hewell guilty of burglary in the first degree for

stealing items from Swaim's home. However, the jury found him guilty on the lesser

charge of theft by taking regarding the items taken from Hall. Hewell filed an

amended motion for new trial, which the trial court denied, and this appeal followed.

The admission of evidence pursuant to OCGA § 24-4-404 (b) is reviewed for

"clear abuse of discretion."[3] With these guiding principles in mind, we now turn to

Hewell's claims of error.

---

[3] *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015) (citation and punctuation omitted). We note that Hewell concedes that he did not make a contemporaneous objection to the evidence when it was introduced at trial. Nevertheless, we review the trial court's admission of the evidence for an abuse of discretion (rather than plain error) because Hewell objected to the admissibility of the other acts evidence at the pre-trial Rule 404 (b) conference. In this context, once the court makes a definitive ruling on the record admitting the evidence, either at or before trial, a criminal defendant need not renew an objection to preserve such claim of error for appeal. See *Heard v. State*, 309 Ga. 76, 85 n.12 (844 SE2d 791) (2020); *Anthony v. State*, 298 Ga. 827, 831-832 (785 SE2d 277) (2016); *Terry v. State*, 358 Ga. App. 195, 197 n.5 (854 SE2d 366) (2021). This appears to be the law, at least with respect to Rule 404 (b) evidence, despite the recent ruling requiring a contemporaneous objection by a party in a civil proceeding with the opposing party violates a successful motion in limine. See *Williams v. Harvey*, Case No. S20G1121, (decided May 17, 2021).

1. Hewell argues that the trial court abused its discretion by improperly admitting evidence of other crimes, specifically his two prior burglary convictions.[4] He asserts the trial court should not have admitted these prior acts as they constituted impermissible character evidence and were unduly prejudicial. For the following reasons, we agree.

OCGA § 24-4-404 (b) hearing states:

Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

When examining the admissibility of evidence under OCGA § 24-4-404 (b), the Supreme Court of Georgia has adopted the three-part test applied by the Court of

---

[4] At the Rule 404 (b), the trial court found some similarity between "[Hewell's] motive and intent for . . . stealing and pawning" in the prior convictions and the current burglary charges. The State also noted in its brief that "Appellant's prior burglary convictions [were admitted] for the limited purpose of showing motive and intent[.]" However, at trial the court instructed the jury, "[i]n order to prove its case . . . , the State must show knowledge and intent and may show motive and opportunity. To do so, the State . . . will offer evidence of other crimes committed by the accused." Although the exact reasoning behind admitting the prior acts evidence is unclear, we will use the four purposes offered by the trial court in its jury charge as the bases of our analysis.

Appeals of the Eleventh Circuit, which states "(1) the evidence must be relevant to an issue other than defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; (3) the government must offer sufficient proof so that the jury could find that defendant committed the act."[5]

(a) *Motive.* Motive is "the reason that nudges the will and prods the mind to indulge in the criminal intent."[6] While evidence of another crime "may be admitted to show a defendant's motive for committing the crime with which he is charged," it cannot be used "to demonstrate a propensity to act in accordance with the character indicated by that other crime or conduct."[7] Moreover, demonstrating motive though such evidence requires "something other than the accused's propensity to commit the crime charged."[8]

The State presented to the jury Hewell's prior convictions for burglary where he stole items, specifically TVs among other electronics, from individuals' houses.

---

[5] *Bradshaw*, 296 Ga. at 656 (3) (citation and footnote omitted).

[6] *Amey v. State*, 331 Ga. App. 244, 250 (1) (b) (770 SE2d 321) (2015) (citations and punctuation omitted).

[7] Id. (citation and punctuation omitted).

[8] *Brooks v. State*, 298 Ga. 722, 726 (2) (783 SE2d 895) (2016) (citations and punctuation omitted).

Although evidence of prior crimes may be used to prove motive, as in evidence of drug use being presented to establish a motive for robbery,[9] this was not the case here. The State argues in its brief that Hewell's prior convictions demonstrated "the motive for entering, stealing and pawning[ ] was the same in both cases: to fund his pain pill addiction." Yet, the testimony offered at trial relating to his prior convictions for burglary did not mention Hewell's addiction, and nothing in the convictions themselves related to his drug use. As this Court has stated, "the fact that the accused has committed one kind of crime in the past does not, without more, prove his motive to commit the same kind of crime again. Such logic would make all prior [burglaries] admissible in any [burglary] case[.]"[10] Thus, his prior convictions went more to his character to commit these types of crimes than to his motive.[11]

_____

[9] *Staten v. State*, 219 Ga. App. 536, 539 (3) (466 SE2d 20) (1995) (holding that defendant's heavy drug use was admissible to establish motive for robberies); *Brock v. State*, 179 Ga. App. 519, 520 (1) (347 SE2d 230) (1986) (holding that evidence of narcotic dependancy was motive for burglary of pharmacy).

[10] *Amey*, 331 Ga. App. at 251-252 (1) (b) (citation and punctuation omitted); see *Thompson v. State*, 302 Ga. 533, 540 (III) (A) (807 SE2d 899) (2017) ("[T]o be admitted to prove motive, extrinsic evidence must be logically relevant and necessary to prove something other than the accused's propensity to commit the crime charged.") (citation and punctuation omitted).

[11] See *Amey*, 331 Ga. App. at 252 (1) (b) ("Based upon the State's failure to present evidence of [appellant's] impecuniousness at the time of the prior attempted

7

(b) *Intent*. Regarding the use of extrinsic evidence to show intent, this Court has noted,

> a defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying OCGA § 24-4-404(b) evidence absent affirmative steps by the defendant to remove intent as an issue. Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses. Thus, where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the OCGA § 24-4-404(b) test is satisfied.[12]

However, "the potential for prejudice caused by the introduction of other acts evidence is great and the often subtle distinctions between the permissible purpose[ ] of intent . . . and the impermissible purpose of proving character may sometimes be

_____

robbery, we conclude that motive was not a proper purpose for admitting such evidence.").

[12] *State v. Brown*, 333 Ga. App. 643, 655 (3) (777 SE2d 27) (2015) (citation, punctuation, and footnote omitted); see Ronald L. Carlson and Michael Scott Carlson, *Carlson on Evidence* (6th ed. 2018), at 167 ("[I]n cases where the defendant has placed intent at issue by pleading not guilty and in which the existence of a criminal conspiracy is not at issue, the Rule 403 balancing test must be considered on a case-by-case basis.").

difficult to discern."[13] More specifically, "probative value depends . . . upon the need for the evidence. When the fact for which the evidence is offered is undisputed or not reasonably susceptible of dispute, the less the probative value of the evidence."[14]

Here, even assuming arguendo Hewell's prior crimes were relevant to demonstrate intent, he did not dispute stealing the property. Although he pled not guilty to burglary, thereby technically placing intent at issue, the fact that Hewell took the property with the requisite intent was undisputed.[15] Thus, as intent was not in dispute, the probative value of these prior crimes for this purpose is minimal.[16]

Additionally, as noted above, the general prejudicial risk of introducing other acts evidence is great.[17] Here, the risk of prejudice was increased through the State's

---

[13] Id. at 657 (3) (citation and punctuation omitted).

[14] *Olds v. State*, 299 Ga. 65, 76 (2) (786 SE2d 633) (2016); see Ronald L. Carlson and Michael Scott Carlson*, Carlson on Evidence* (6th ed. 2018), at 164 (noting that whether other acts evidence is unduly prejudicial includes examining, inter alia, whether the opponent of the other act contests intent and the proponent's need to present the other act).

[15] See OCGA § 16-7-1 (b).

[16] See *Jackson v. State*, 306 Ga. 69, 79-80 (2) (b) (ii) (829 SE2d 142) (2019) (holding that the prejudice of admitting a prior shooting to show intent to commit felony murder was outweighed by its minimal probative value because, inter alia, intent was not at issue).

[17] See *State v. Jones*, 297 Ga. 156, 163 (3) (773 SE2d 170) (2015).

cross-examination of Hewell. Not only did the State introduce evidence of Hewell's prior crimes, but after doing so stated to Hewell, "So you're not arguing with me, though, then that you — you steal people's stuff, you enter people's house[s] to steal their stuff, receive stolen property, and you lie to the police."[18] Given that the prejudicial impact of this evidence outweighed its probative value, intent was not a valid purpose for admitting these prior acts.[19]

(c) *Knowledge.* The admission of similar acts may be used to demonstrate that the accused possessed a special skill, such as safecracking or bomb-making, or to show specific knowledge based on past experience, such as the admission of a prior assault conviction in a criminal trespass prosecution to establish the defendant's knowledge that he was not welcome on the invaded premises.[20] Here, the crime of

---

[18] See *Jackson*, 306 Ga. at 79 (2) (b) (ii) (noting the prosecutor enhanced the prejudice by extensively questioning appellant about prior crimes and implying the prior crimes demonstrated he had the kind of character to commit the alleged crime).

[19] Additionally, although the State cites *Silvey v. State*, 335 Ga. App. 383 (780 SE2d 708) (2015), this case is distinguishable. In *Silvey*, the appellant pled not guilty and also denied any involvement with the burglaries. Id. at 387 (1) (a). Therefore, prior similar acts would have carried a heavier probative value in *Silvey*, where the appellant denied improperly taking the property. In contrast, here Hewell never disputed stealing the items, and so intent was not a contested issue.

[20] See *Rouzan v. State*, 308 Ga. 894, 899 (2) (843 SE2d 814) (2020).

burglary does not require a special skill that would require demonstrating Hewell possessed this unique knowledge.[21] Further, there was no issue regarding any "specific knowledge" connecting these past crimes to the current charges. Accordingly, the evidence went toward Hewell's character rather than to demonstrate knowledge.

(d) *Opportunity.* Although opportunity is "probably the most rarely used purpose of those listed in Rule 404(b)[,]" extrinsic evidence may be used to demonstrate "the defendant's specific ability or wherewithal to commit the crime charged."[22] Here, opportunity was not at issue, and the prior burglaries had no connection to the charged acts at issue. Therefore, opportunity was not a proper justification for admitting evidence of his prior convictions.[23]

---

[21] See Paul S. Milich, *Georgia Rules of Evidence* § 11:17 (October 2020).

[22] *Amey*, 331 Ga. App. at 252 (1) (c) (citation and punctuation omitted).

[23] See id. at 252-253 (1) (c) (holding prior attempted robbery had no connection with the current robbery charge occurring three years later and therefore did not support its admission under Rule 404 (b)).

(e) *Harm.* After examining the purposes proposed for the extrinsic evidence, and failing to find a proper justification for its admission, we must now determine whether the trial court's error requires a new trial.[24]

> The test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict. In determining whether trial court error was harmless, we review the record de novo, and we weigh the evidence as we would expect reasonable jurors to have done so as opposed to viewing it all in the light most favorable to the jury's verdict.[25]

Here, as noted above, the State cross-examined Hewell on his prior convictions, and asked if it was not true Hewell stole people's stuff, entered their houses, received stolen property, and lied to the police. Further, Swaim testified there were no signs of forced entry and there were several times he left the house to take conference calls, thereby leaving Hewell alone inside. Additionally, although Swaim claimed the items were in his house after Hewell finished working for him, implying that Hewell must have unlawfully entered the house, Hewell testified he stole the items from Swaim's garage and inside the house while Swaim was away on a conference call, thus during

---

[24] See *Amey*, 331 Ga. App. at 253 (1) (d).

[25] Id. (citation and punctuation omitted).

12

the time that Hewell had permission to be in the residence. So while the evidence against Hewell was legally sufficient to support the jury's finding, it is not overwhelming.[26] Because we cannot say that it is highly probable the admission of Hewell's prior convictions for burglary failed to contribute to the jury's verdict, we likewise cannot say the admission of this evidence was harmless.[27]

For the reasons stated above, we reverse the trial court's denial of Hewell's motion for new trial.

2. In light of our ruling in Division 1, supra, we need not consider Hewell's remaining claims of error.

*Judgment reversed. Doyle, P. J., and Dillard, P. J., concur*.

---

[26] See *Amey*, 331 Ga. App. at 253 (1) (d).

[27] See id.