## 55016. COMMERCIAL BANK & TRUST COMPANY v. BUFORD.

BIRDSONG, Judge.

The Commercial Bank & Trust Co. entered into a loan with Buford, advancing money to Buford to purchase land for a homesite. The bank took a security deed on the land. Buford made the first installment payment on time, was slightly late (by three days) as to the second, a month late as to the third, and was almost three months late prior to the fourth payment. A bank official contacted Buford and advised that the note was in danger of foreclosure. Buford made the fourth payment on that day (the day of the conference) and made two other payments (the fifth and sixth) ten days later. Each of these payments included late charges. Though Buford testified that he believed that upon the double payment he became current, Buford did not contest the fact that the note was, in fact, still in default in that he was a month in arrears on the sixth payment. Buford made a seventh payment, which also included a late charge, but the note remained one month in arrears. The bank initiated a lawful foreclosure and sold the property. Buford made one additional payment (also including a late charge) after

foreclosure which payment the bank returned.

Buford brought a tort action against the bank alleging that the bank had damaged him through its negligence in that the bank officer who negotiated with Buford never communicated to other bank officials that the bank was engaged in discussions with Buford in an attempt to avoid foreclosure, that a bank official initiated foreclosure action without conferring with other bank officers in spite of the three payments within a ten-day period, and that the bank did not inform Buford of the foreclosure.

It is not contested that the body of the note allowed the bank to declare the note due upon default and authorized a sale under foreclosure without notification to Buford. There was evidence that the bank did in fact attempt notice of the foreclosure but the notice was sent to the wrong address.

At the conclusion of Buford's evidence, the bank moved for directed verdict asserting that the note was in default, the bank had informed Buford that if the note were not brought current, foreclosure would occur, the note remained in default, and that the bank in accordance with the terms of the note and security deed did in fact foreclose and conduct a lawful sale. The trial court concluded there had not been a novation but denied the motion on the ground that the bank had by its conduct assumed a noncontractual obligation, and the question of negligence was properly one for the jury. The jury returned a verdict for Buford. The bank brings this appeal enumerating as error the failure to grant the motion for directed verdict and the entry of judgment for Buford. *Held:*

We reverse. Though the trial court found a noncontractual duty between the bank and Buford, we can find no support for that conclusion. So far as the record reflects, the only relationship between Buford and the bank was that which arose out of the note and security deed. In order to maintain an action ex delicto because of a breach of duty growing out of a contractual relationship, the breach must be shown to have been a breach of duty imposed by law and not merely the breach of a duty imposed by the contract itself. *Mauldin v. Sheffer,* 113 Ga.

App. 874, 878 (150 SE2d 150). If there is no liability except that arising out of a breach of the express terms of the contract, the action must be in contract, and an action in tort cannot be maintained. Only where private duties arise from statute or flow from relations created by the contract, express or implied, may one elect to pursue an action ex delicto for damages flowing from the exercise or failure to exercise that duty. *City &c. R. of Savannah v. Brauss,* 70 Ga. 368, 377; *Howard v. Central of Ga. R. Co.,* 9 Ga. App. 617, 619 (71 SE 1017).

We are aware of no statutory obligation that requires bank officials to confer with one another prior to exercising rights conferred upon the bank by a lawful contract, nor does the contract in this case impose such an obligation. Rather, the contract in this case provided that upon failure of Buford to make payments as required by the note, the entire debt became due and payable and the bank had the right to proceed with nonjudicial foreclosure. The note also provided that in the event of default, and at the option of the bank, the note immediately matured and became due and payable without notice or demand of any kind. As we view the actions of the bank, it proceeded in a manner both lawful and as authorized in its contract with Buford. At best the acceptance of late payments was no more than an indulgence of time during which Buford made three past due payments, each including late charges.

A promise for a forbearance made without consideration is void. *Tatum v. Morgan,* 108 Ga. 336 (33 SE 940). Though the bank had made a practice of notifying its debtors that default and acceleration was imminent, any requirement for such notification was waived by the express language of the contract between these two parties. There has been no showing that Buford was due notice or relied upon notification to his detriment other than that which naturally flowed from default and foreclosure without notice as contemplated by the note and security deed.

In sum, we conclude that the bank proceeded in a lawful manner to foreclose upon the property at a time when Buford was in default. The question of whether the bank through its officers acted in a negligent manner in

failing to notify Buford of its intent to foreclose or to confer with one another prior to foreclosure was irrelevant in determining whether the bank proceeded in a lawful manner under the terms of the contract between itself and Buford. There being no dispute as to the terms of the contract or the bank's compliance therewith, it follows that the trial court erred in failng to grant the bank's motion for a directed verdict at the close of Buford's evidence. See *Crawford v. First Nat. Bank,* 137 Ga. App. 294 (223 SE2d 488); *Rome Bank & Trust Co. v. Kerce,* 140 Ga. App. 596 (231 SE2d 464).

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 16, 1978 — DECIDED MARCH 9, 1978.

*Beck, Goddard, Owen & Murray, Samuel A. Murray,* for appellant.

*Gary L. Davis,* for appellee.