A96A0541. YOUNG et al. v. W. S. BADCOCK CORPORATION.
(474 SE2d 87)

POPE, Presiding Judge.

Plaintiffs Chip and Kim Young entered into a dealership agreement with defendant W. S. Badcock Corporation to operate a home furnishing center. Subsequently, they sought to terminate this relationship in accordance with the agreement. Upon return of the dealership to defendant, defendant informed plaintiffs that they were entitled to accounts receivable in the amount of $33,413.92 for merchandise they had sold on consignment from defendant. Thereafter, plaintiffs filed a tort claim against defendant alleging that it had fraudulently misrepresented and withheld the actual amount of accounts receivable plaintiffs were entitled to receive and had fraudulently charged them for an item called "factory labor," which was not mentioned in the agreement. Defendant answered, denying liability. It then filed a motion for judgment on the pleadings, which the trial court granted. Concluding that the trial court erred, we reverse.

1. In granting defendant's motion for judgment on the pleadings, the trial court applied Florida law based on the choice-of-law provision found in the agreement. The trial court concluded that under Florida's "economic loss rule" plaintiffs' claim was barred because they had not alleged any personal injury or property damage. See *AFM Corp. v. Southern Bell Tel. &c. Co.*, 515 S2d 180, 181-182 (Fla. 1987); *Hoseline, Inc. v. U. S. A. Diversified Products*, 40 F3d 1198, 1200 (2) (11th Cir. 1994). Plaintiffs, however, contend that the choice-of-law provision is not applicable in this case because plaintiffs' claim is ex delicto rather than ex contractu. We agree.

The choice-of-law provision in the agreement states: "This Agreement and the terms hereof shall be governed by and construed in

accordance with the laws of the State of Florida." It does not state that any and all claims arising out of the relationship between the parties shall be governed by Florida law. Consequently, we conclude that the provision is not applicable in determining whether plaintiffs have set forth a valid tort claim. Under Georgia's conflict-of-law rules regarding tort cases, the substantive law of the place where the tort allegedly was committed is the law by which liability shall be determined. *Maryland Cas. Ins. Co. v. Glomski*, 210 Ga. App. 759, 760 (437 SE2d 616) (1993); *Wardell v. Richmond Screw Anchor Co.*, 133 Ga. App. 378, 380 (1) (b) (210 SE2d 854) (1974). In this case, the alleged misrepresentations regarding the amount owed to plaintiffs for accounts receivable were made upon turning the dealership, which was in Georgia, over to defendant, and plaintiffs have asserted that the "factory labor" charges also were made in Georgia. Therefore, plaintiffs' tort claim is governed by the substantive law of this state.

Having reached this conclusion, we now turn to the issue of whether plaintiffs have sufficiently asserted a tort claim under Georgia law. In doing so, we note that in this state "a tort action cannot be based on the breach of a contractual duty only, [but] it can be based on conduct which, in addition to breaching a duty imposed by contract, also breaches a duty imposed by law. *Commercial Bank &c. Co. v. Buford*, 145 Ga. App. 213 (243 SE2d 637) (1978)." *Unified Svcs. v. Home Ins. Co.*, 218 Ga. App. 85, 87 (4) (460 SE2d 545) (1995). A review of the complaint demonstrates that plaintiffs have asserted that defendant defrauded them, thereby breaching a duty owed to them in law as set forth in OCGA § 51-6-2. If the allegations of the complaint are proven to be true, then plaintiffs would be entitled to recovery in tort. Accordingly, we conclude that there are issues of material fact to be resolved in this case. Thus, the trial court erred in granting defendant's motion for judgment on the pleadings.

2. In light of our holding in Division 1, we need not address plaintiffs' contention that Florida's "economic loss rule" violates this state's public policy.

*Judgment reversed. Andrews and Smith, JJ., concur.*

DECIDED JUNE 27, 1996 —
RECONSIDERATION DENIED JULY 11, 1996 — ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Hugh D. Ridgway III*, for appellants.
*Lambert & Roffman, Allan R. Roffman, Marvin J. Reitman, Jr.*, for appellee.