309 Ga. 893
FINAL COPY

S20G0020.  AULD et al. v. FORBES et al.
S20G0021.  AULD et al. v. FORBES et al.

BETHEL, Justice.

Following Tomari Jackson's drowning death while on a school trip in Belize, his mother, Adell Forbes, individually and as administrator of Jackson's estate (collectively, "Forbes"), filed a wrongful death action in Georgia. Because Forbes filed the action outside the applicable limitation period provided for under Belize law but within the period that would be applicable under Georgia law, whether Georgia's or Belize's limitation period applies to that wrongful death action is of critical importance. In *Forbes v. Auld*, 351 Ga. App. 555, 557-560 (2) (830 SE2d 770) (2019), the Court of Appeals held that Georgia law, and not Belize law, controlled the limitation period governing the wrongful death claim. Because we hold instead that Belize's limitation period applies to Forbes's wrongful death action, we reverse the Court of Appeals' decision as

to that issue.

1. *Background*

The facts, as set forth by the Court of Appeals, are as follows:

> On February 13, 2016, 14-year-old [Jackson] drowned while swimming in a river on a school trip to Monkey Bay Wildlife Sanctuary in the country of Belize. [Forbes] filed this action on March 24, 2017, against Monkey Bay, its owner [Matthew Miller], Cobb County Government, Cobb County School District, and the chaperones, some of whom were employed by the school district at the time [including James Auld] and some of whom were volunteers. Forbes asserted claims for her son's personal injuries before his death and for his wrongful death.
>
> Forbes dismissed her claims against Cobb County Government, and the trial court granted Cobb County School District's motion to dismiss on the ground that it was immune from liability on the basis of sovereign immunity.[1] The trial court then granted the remaining defendants' motions to dismiss, finding that the teacher chaperones were entitled to official immunity and that the one-year limitation period in the Belize Law of Torts Act barred all of Forbes's claims against all defendants. Law of Torts Act, Chapter 172, § 10 (2011).

*Forbes*, 351 Ga. App. at 556 (1).

Forbes appealed, challenging the trial court's ruling that her

---

[1] Forbes did not appeal the trial court's immunity ruling.

claims were time-barred. See id. at 557 (1). The Court of Appeals reversed, holding that Georgia's two-year statute of limitations on wrongful death claims, and not Belize's one-year limitation period under the Law of Torts Act of Belize, applied to Forbes's claim.[2] See id. at 557-560 (2). We granted the defendants' petition for certiorari to consider whether the Court of Appeals correctly determined that Georgia law applies to the wrongful death claim. Because we hold that Belize's limitation period applies, we reverse the decision of the Court of Appeals with respect to the wrongful death claim.

2. *Determining the Law Applicable to an Extraterritorial Harm*

When a civil tort action is brought in a Georgia court for a harm that was sustained in an out-of-state jurisdiction, the Georgia court must determine which jurisdiction's laws apply to the claim. Georgia law differentiates between substantive and procedural law in such instances and determines which law will apply to the case through

---

[2] The Court of Appeals also held that Georgia's two-year limitation period applicable to personal injury claims governed the claim for Jackson's pain and suffering before his drowning. See *Forbes*, 351 Ga. App. at 560 (3). Because we did not grant certiorari to consider the personal injury claim, we decline to address this portion of the Court of Appeals' decision.

the doctrines of lex loci delicti (the law of the place where the injury was sustained) and lex fori (the law of the forum state).

a. *Lex Loci Delicti and Lex Fori*

"[F]or over 100 years, the state of Georgia has followed the doctrine of lex loci delicti in tort cases, pursuant to which 'a tort action is governed by the substantive law of the state where the tort was committed.'" *Bullard v. MRA Holding, LLC*, 292 Ga. 748, 750 (1) (740 SE2d 622) (2013) (quoting *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808, 809 (621 SE2d 413) (2005)).

> The place where the tort was committed, or, the locus delicti, is the place where the injury sustained was suffered rather than the place where the act was committed, or, as it is sometimes more generally put, it is the place where the last event necessary to make an actor liable for an alleged tort takes place.

(Citation and punctuation omitted.) Id. at 750-751 (1).

At oral argument before this Court, Forbes argued that because she alleged that the school trip, including swimming at the wildlife sanctuary where Jackson drowned, was planned in Georgia and sufficient safety precautions were not considered or

implemented, her wrongful death claim can be brought under Georgia law. However, it is clear that the "last event necessary" to make the defendants liable for the alleged tort of wrongful death – that is, Jackson's drowning – took place in Belize, and that Belize was where the injury was suffered. See, e.g., *Risdon Enterprises, Inc. v. Colemill Enterprises, Inc.*, 172 Ga. App. 902, 904 (1984) (although plaintiffs alleged defendants' negligent conduct in Georgia caused employee's death in a plane crash in South Carolina, "the last event necessary to make defendants liable for the alleged tort, i.e., the airplane crash, occurred in South Carolina," so South Carolina law controlled).

More pertinent to the case before us, we have held that statutes of limitations are generally procedural and are therefore governed by the "lex fori" or the law of the forum state. See *Taylor v. Murray*, 231 Ga. 852, 853 (204 SE2d 747) (1974) ("It is well settled that the Statute of Limitations of the country, or state, where the action is brought and the remedy is sought to be enforced, controls, in the event of the conflict of laws. In other words, the lex fori determines

the time within which a cause of action may be enforced[.]”). See also

*Hunter v. Johnson*, 259 Ga. 21, 22 (376 SE2d 371) (1989). However,

we have also held that

> where the foreign statute creating a cause of action not known to the common law prescribes a shorter period in which action may be commenced than that prescribed by the law of the place where the action is brought, the former, the lex loci, governs, and no action can be maintained in any jurisdiction, foreign or domestic, after the expiration of such period, since the limitation is, in such case, a qualification or condition upon the cause of action itself, imposed by the power creating the right, and not only is action barred, but the cause of action itself is extinguished upon the expiration of the limitation period.

*Taylor*, 231 Ga. at 853. See also *Indon Indus. Inc. v. Charles S.*

*Martin Distrib. Co., Inc.*, 234 Ga. 845, 846 (218 SE2d 562) (1975).

Thus, when the applicable foreign law creates a cause of action that

is not recognized in the common law and includes a specific

limitation period, that limitation period is a substantive provision of

the foreign law that governs, and it applies when it is shorter than

the period provided for under Georgia law. “There is no common law

right to file a claim for wrongful death; the claim is entirely a

statutory creation.” *Tolbert v. Maner*, 271 Ga. 207, 208 (1) (518 SE2d

423) (1999). Belize's Law of Torts Act creates a cause of action for wrongful deaths occurring in Belize and imposes a one-year limitation period in which to bring such claims. Accordingly, the doctrine of lex loci delicti requires application of Belize's substantive limitation period, unless doing so would violate Georgia public policy. We turn next to that inquiry.

b. *Georgia's Public Policy Exception to Lex Loci Delicti*

Forbes correctly asserts that Georgia recognizes a public policy exception to lex loci delicti, whereby "the Georgia court will not apply the law of the place where the injury was sustained if it would conflict with Georgia's public policy." (Citation and punctuation omitted.) *Coon v. Med. Center, Inc.*, 300 Ga. 722, 727 (797 SE2d 828) (2017). See also OCGA § 1-3-9.[3] However, the public policy exception applies only if the out-of-state law is so "radically dissimilar to

---

[3] That statute provides that "[t]he laws of other states and foreign nations shall have no force and effect of themselves within this state further than is provided by the Constitution of the United States and is recognized by the comity of states. The courts shall enforce this comity, unless restrained by the General Assembly, so long as its enforcement is not contrary to the policy or prejudicial to the interests of this state."

anything existing in our own system of jurisprudence" that it would "seriously contravene" the policy embodied in Georgia law. *Southern R. Co. v. Decker*, 5 Ga. App. 21, 25 (1), 29 (2) (62 SE 678) (1908).  See also *Alexander v. Gen. Motors Corp.,* 219 Ga. App. 660, 660-661 (466 SE2d 607) (1995) (same), reversed, 267 Ga. 339, 340 (478 SE2d 123) (1996) (despite reversing, noting that "[t]he opinion by the Court of Appeals correctly states the choice of law principles applicable to this case, including the public policy exception to the rule of lex loci delicti."). A mere difference in law is not sufficient to justify this exception. We hereby disapprove of cases where the public policy exception has been construed more liberally.  See, e.g., *Coon v. Medical Center, Inc.*, 335 Ga. App. 278, 283 (780 SE2d 118) (2015) (using public policy exception to apply Georgia law where there was a "significant difference" on the impact rule from Alabama law), affirmed on other grounds, 300 Ga. 722; *Carroll Fulmer Logistics Corp. v. Hines*, 309 Ga. App. 695 (710 SE2d 888) (2011) (difference in measure of damages for wrongful death contravened Georgia's public policy).

Georgia's public policy is generally reflected in its Constitution, statutes, and established precedent. See *Christopher v. Christopher*, 198 Ga. 361, 377 (2) (31 SE2d 818) (1944). Here, Forbes argues that Belize's measure of damages is so dissimilar to the comparable Georgia provisions that Georgia courts cannot be expected to enforce the foreign law and should substitute Georgia law.

As a starting point for considering Georgia's public policy concerning wrongful death claims, it is useful to consider how Georgia law would address Forbes's claim for wrongful death in this case. Our longstanding precedent holds that Georgia's Wrongful Death Act does not have extraterritorial application. See *Selma, Rome & Dalton R. Co. v. Lacy*, 43 Ga. 461, 463 (1871) (holding that Georgia courts could not administer Georgia's wrongful death statute to claim arising from death that occurred in Alabama); *Green v. Johnson*, 71 Ga. App. 777, 778 (32 SE2d 443) (1944) (noting that the wrongful death statute "has no extraterritorial operation"). See also *Glock v. Glock*, 247 FSupp.3d 1307, 1318 (N.D. Ga. 2017) ("Georgia statutes have a presumption against extraterritorial

application. Thus, absent a clear statement to the contrary, the Georgia courts refrain from applying statutes extraterritorially."); *Ohio S. Express Co. v. Beeler*, 110 Ga. App. 867, 868 (140 SE2d 235) (1965) ("It is not presumed that the statutory law of a foreign State is the same as ours, as our statutory law has no extra-territorial operation.").[4] Accordingly, under our longstanding jurisprudence, Forbes would be unable to pursue a claim under Georgia's wrongful death law for a death that occurred in Belize. Georgia's current public policy, therefore, provides no remedy via a claim for wrongful death for an extraterritorial death like the one alleged here.

Forbes's reliance on *Alexander* in arguing to the contrary is misplaced. In *Alexander*, this Court held that the plaintiff was entitled to have Georgia law applied to his strict liability claims because Virginia's failure to recognize strict liability with respect to defective products contravened the public policy underlying OCGA § 51-1-11. In so holding, the Court relied on *Karimi v. Crowley*, 172

---

[4] Though the General Assembly has amended Georgia's Wrongful Death Act numerous times since our holding in *Selma*, it has never provided for extraterritorial application of our Wrongful Death Act.

Ga. App. 761 (324 SE2d 583) (1984), a Court of Appeals decision involving workers' compensation, for the proposition that Georgia law would apply where a foreign law violated Georgia's public policy. See *Alexander*, 267 Ga. at 340. Workers' compensation law, however, expressly states that it applies to injuries outside this state when the locus of the employment relationship is in Georgia. See OCGA § 34-9-242. In *Alexander*, we failed to consider specifically whether our product liability law also applies extraterritorially to injuries outside of Georgia. However, determining whether Georgia products liability law applies extraterritorially will have to await another day because this case affords no opportunity to resolve that issue. It is clear that Georgia wrongful death law does *not* apply extraterritorially.

Application of Belize's limitation period here does not violate Georgia's public policy. Georgia law affords a remedy for wrongful death in Georgia, but no remedy at all for a wrongful death that occurs outside the state. Although it may differ in several

particulars,[5] Belize law affords a remedy for a wrongful death in Belize. Thus, although wrongful death claims recognized under Belize law provide a somewhat different remedy than wrongful death claims brought under Georgia law and have a shorter limitation period, Belize's wrongful death law is not so radically dissimilar that it cannot be applied by Georgia courts. See *Decker*, 5 Ga. App. at 29-34 (2). Georgia courts, however, have no interest in adjudicating a claim that is extinguished under applicable law.

Forbes also relies on *Carroll Fulmer* in arguing that Georgia's public policy exception requires application of Georgia law. In *Carroll Fulmer*, the plaintiff brought wrongful death and survivor claims in Georgia for a tractor-trailer collision that occurred in

---

[5] Georgia law allows for the recovery of damages from the decedent's perspective, and therefore includes the decedent's pre-death physical and mental pain and suffering. See OCGA § 51-4-1 et seq. See also *Bibbs v. Toyota Motor Corp.*, 304 Ga. 68, 73 (2) (815 SE2d 850) (2018). Belize law, however, measures damages in a wrongful death from the perspective of the decedent's survivors. See Belize Law of Torts Act, Chapter 172, § 10 (2011). While Forbes argues that this difference in the measure of damages violates Georgia's public policy, it is not the provision at issue here. Even if it were, it would not mean that Georgia courts would simply substitute Georgia law, as Georgia's wrongful death statute has no application to Jackson's death in Belize. See *Lacy*, 43 Ga. at 463.

Florida. See 309 Ga. App. at 695. The parties filed cross-motions for summary judgment on whether Georgia or Florida law applied, and the Court of Appeals, relying on the public policy exception, determined that Florida's wrongful death law should not apply because Florida's measure of damages differed from Georgia's. See id. at 696, 698. However, the Court of Appeals failed to account for our longstanding precedent holding that Georgia's Wrongful Death Act does not have extraterritorial application, and further erroneously concluded that a difference in the measure of damages violated Georgia's public policy. Accordingly, *Carroll Fulmer* is overruled.

Based on the foregoing, we hold that the doctrine of lex loci delicti calls for the application of Belize law to the dispute in this case and that Georgia's public policy exception does not prevent the application of Belize's wrongful death law, including its limitation period, to this case. Accordingly, we reverse the judgment of the Court of Appeals to the extent it held to the contrary.

*Judgment reversed in part. All the Justices concur, except*

*Peterson and McMillian, J.J., disqualified.*

Decided September 28, 2020.

Certiorari to the Court of Appeals of Georgia —351 Ga. App. 555.

*Swift, Currie, McGhee & Hiers, D. Lee Clayton, Jennifer L. Nichols; Weissman PC, Leigh M. Wilco; Gregory, Doyle, Calhoun & Rogers, Todd E. Hatcher*, for appellants.

*Arrington Owoo, Robert L. Arrington, Jr., Latif Oduola-Owoo; Katrina R. Collins; Bondurant, Mixson & Elmore, Michael B. Terry, Amanda K. Seals; The CK Hoffler Firm,  Tricia P. Hoffler*, for appellees.