[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-10388

Non-Argument Calendar

————————————————

NETROADSHOW, INC.,

Plaintiff-Counter Defendant-Appellee,

*versus*

LISA CARRANDI,

Defendant-Counter Claimant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-05697-ELR

————————————————

Before JORDAN, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

NetRoadshow, Inc. (NetRoadshow) sued its former employee Lisa Carrandi, arguing that she violated non-compete and confidentiality clauses in her employment agreement when she started working for a rival company. Carrandi asserted a counterclaim against NetRoadshow under a California statute that provides a private right of action to employees when their former employers attempt to enforce void restrictive covenants against them. The district court dismissed Carrandi's counterclaim because it was governed by Georgia law based on a choice-of-law provision contained in the employment agreement, which meant that she could not assert a claim available only under California law. Carrandi appeals that dismissal. After review,[1] we vacate the district court's dismissal of Carrandi's counterclaim and remand for further proceedings.

## I. BACKGROUND

NetRoadshow is a company that provides "internet roadshows to the investment banking community and offers complete roadshow services for" various financial markets. Carrandi started working for NetRoadshow in 2005 as an account manager and was subsequently promoted to Senior Vice President of Strategic

---

[1] We review de novo a district court's dismissal for failure to state a claim. *See Roth v. Russell*, 139 F.4th 879, 883 (11th Cir. 2025).

Accounts. Carrandi entered into an employment agreement with NetRoadshow, which contained multiple restrictive covenants, including non-compete and confidentiality clauses. The agreement also had a choice-of-law provision, which stated, "this Agreement and the rights of Company and Employee hereunder shall be governed by and construed in accordance with the laws of the State of Georgia."[2] In 2023, Carrandi resigned from her position at NetRoadshow and soon after was hired by NetRoadshow's competitor Finsight Group, Inc. (Finsight).

NetRoadshow sued Carrandi in Georgia state court, arguing that Carrandi breached her employment agreement's non-compete and confidentiality covenants by working for Finsight. Carrandi removed the action to federal court based on diversity subject matter jurisdiction under 28 U.S.C. § 1332. Carrandi also filed a counterclaim against NetRoadshow based on a California statute. She asserted that under the California statute the non-compete provision in her employment agreement was void, and that she was entitled to (1) actual damages based on NetRoadshow's attempt to enforce the void provision, and (2) an injunction prohibiting NetRoadshow from attempting to enforce the provision in the future. The California statute provides an employee with a cause of action against her former employer if it attempts to enforce a void

---

[2] The agreement also contained a choice-of-venue clause, which stated, "the parties agree that any appropriate state court sitting in Fulton County, Georgia or any Federal Court sitting in the Northern District of Georgia (Atlanta Division) shall have exclusive jurisdiction of any case or controversy arising under or in connection with this Agreement . . . ."

restrictive covenant in an employment agreement against her, which works in conjunction with another statutory provision that declares all non-compete clauses void with limited exceptions. *See* Cal. Bus. & Prof. Code §§ 16600, 16600.5(d), (e).[3]

NetRoadshow moved for a preliminary injunction to enforce the relevant portions of the employment agreement. The district court at first granted the motion in part as to the non-compete clause and denied it as to the confidentiality clause. In analyzing NetRoadshow's motion, the court concluded that Georgia state law controlled its interpretation of the employment agreement because of the choice-of-law provision. Carrandi moved for reconsideration, and, after an evidentiary hearing, the court vacated its earlier order and denied NetRoadshow's preliminary-injunction motion because it found that NetRoadshow did not establish a substantial likelihood that it would succeed on the merits of its breach-of-contract claim. In denying NetRoadshow's motion, the court concluded that the non-compete clause was void under Georgia law because it was too broad and indefinite to be enforceable.

NetRoadshow moved to dismiss Carrandi's counterclaim, arguing, among other things, that Carrandi could not assert a claim under California law because the employment agreement was controlled by Georgia law. On September 10, 2024, the district court

---

[3] Cal. Bus. & Prof. Code § 16600.5(e) was enacted in 2024 during the course of these proceedings.

granted NetRoadshow's motion to dismiss.[4]  It concluded that Carrandi could not state a claim under § 16600.5(e) because Georgia law controlled the resolution of her counterclaim based on the agreement's choice-of-law provision, which meant that she could not use California law to hold NetRoadshow liable.  The court then granted summary judgment to Carrandi as to NetRoadshow's breach-of-contract claim and entered final judgment.

Carrandi appeals the dismissal of her counterclaim.

## II.  DISCUSSION

Carrandi raises two arguments on appeal.  First, she argues that the district court erred in ruling that the employment agreement's choice-of-law provision barred her from raising a claim under § 16600.5(e) because the district court previously ruled that the non-compete clause was void.  Second, she argues that the district court erred by concluding that Georgia law controls her counterclaim because her § 16600.5(e) claim is beyond the scope of the choice-of-law provision.  We address each argument in turn.

*A.  Voidness*

Carrandi's first argument is summarized as follows: The district court's conclusion that the employment agreement's non-compete clause was void rendered the choice-of-law provision void, so the court should not have found that the latter provision

---

[4] Carrandi previously moved to voluntarily dismiss her counterclaim but subsequently withdrew that motion.

precluded her from raising her California state law counterclaim. We disagree.

As an initial matter, we note that we must apply Georgia state law to determine what substantive law governs Carrandi's counterclaim because the district court was exercising diversity jurisdiction. *See Cassirer v. Thyssen-Bornemisza Collection Found.*, 596 U.S. 107, 115 (2022) ("According to long-settled precedent, a federal court sitting in diversity borrows the forum State's choice-of-law rule.").

Carrandi's argument is premised on the proposition that, under Georgia law, "if one restrictive covenant in an employment agreement is found unenforceable, then all covenants in that agreement are struck down along with it, even if they might otherwise have been valid." In support of this position, Carrandi cites to *Advance Tech. Consultants, Inc. v. Roadtrac, LLC*, 551 S.E.2d 735 (Ga. Ct. App. 2001). Carrandi's argument is incorrect because it relies on an inaccurate description of the principle described in *Advance Tech. Consultants* and is otherwise inconsistent with applicable precedent.

In *Advance Tech. Consultants*, the Georgia Court of Appeals considered three restrictive covenants in a contract between a supplier and distributor that precluded the distributor's right to solicit the supplier's clients in a competitive manner. *Id.* at 735-36. The court held that one of the non-solicit covenants was unenforceable because it was overbroad. *Id.* at 738. It then explained that, because "Georgia does not employ the 'blue pencil' doctrine of severability," if one of the non-solicit covenants was unenforceable,

then all of the restrictive covenants were automatically invalidated. *Id.* at 737-39. However, *Advance Tech. Consultants* does not stand for the proposition that if a non-compete clause is ruled unenforceable, then a choice-of-law provision in the same contract is automatically invalidated. *See id.* Therefore, this case does not support Carrandi's argument.

Further, the Georgia Court of Appeals has explained that a void restrictive covenant does not automatically invalidate an entire contract when the parties clearly intended for the contract to be severable, that is, when the parties intended that "the remaining contract provisions will survive even if one or more provisions of the contract are void." *Early v. MiMedx Grp., Inc.*, 768 S.E.2d 823, 827 (Ga. Ct. App. 2015); *see also Capricorn Sys., Inc. v. Pednekar*, 546 S.E.2d 554, 558 (Ga. Ct. App. 2001) ("Void restrictive covenants, which cannot be blue-penciled[5] out of the contract, do not void the entire contract when the contract contains a severability clause . . . .").

Carrandi's employment agreement contains a severability clause, which states,

> In the event that any one or more of the provisions, or parts of any provisions, contained in the

---

[5] In 2011, the Georgia General Assembly amended the statute governing restrictive covenants to permit blue-pencilling, but that amendment only applies to contracts entered into on or after May 11, 2011, and so does not control Carrandi's employment agreement, which was entered into in 2005. *See Early*, 768 S.E.2d at 827 n.9.

> Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect by a court of competent jurisdiction, the same shall not invalidate or otherwise affect any other provision hereof, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

Under *Early*, because the agreement contains a severability clause, the district court's conclusion that the non-compete clause was void did not automatically invalidate the choice-of-law provision. *See Early*, 768 S.E.2d at 827; *Capricorn Sys.*, 546 S.E.2d at 558. Thus, Carrandi is incorrect that the choice-of-law provision does not govern her counterclaim merely because the district court ruled that the non-compete clause was void.

*B. Scope*

Carrandi's second argument is that the district court erred in concluding that Georgia law controlled her counterclaim because the choice-of-law provision in the employment agreement was limited to the agreement itself and not to any tort claims that arose from the agreement, including her § 16600.5(e) claim. We agree.

Georgia courts will enforce choice-of-law provisions "unless application of the chosen law would be contrary to the public policy or prejudicial to the interests of this state." *CS-Lakeview at Gwinnett, Inc. v. Simon Prop. Grp., Inc.*, 659 S.E.2d 359, 361 (Ga. 2008). However, the applicability of a choice-of-law provision to a claim for relief depends on the scope of the provision and the nature of the claim. In *Young v. W.S. Badcock Corp.*, the Georgia Court of

Appeals held that, even though the contract that was the subject of the dispute before it contained a choice-of-law provision stating that Florida law governed, Georgia law controlled the plaintiffs' tort claims that arose from the contract. 474 S.E.2d 87, 88 (Ga. Ct. App. 1996). The choice-of-law provision stated, "[t]his Agreement and the terms hereof shall be governed by and construed in accordance with the laws of the State of Florida." *Id.* The court reasoned that Georgia law governed the plaintiffs' tort claims because the choice-of-law provision did not "state that any and all claims arising out of the relationship between the parties shall be governed by Florida law." *Id.*; *see also Baxter v. Fairfield Fin. Servs., Inc.*, 704 S.E.2d 423, 428 (Ga. Ct. App. 2010).

Under *Young*, to determine whether the choice-of-law provision in Carrandi's employment agreement controls her counterclaim, we must consider (1) whether the scope of the provision extends to tort claims that arise from the agreement, and (2) whether Carrandi's counterclaim sounds in tort or contract. *See Young*, 474 S.E.2d at 88. As to the first issue, we conclude the choice-of-law provision before us is analogous to the provision in *Young*. Like in *Young*, the choice-of-law provision in Carrandi's employment agreement does not "state that any and all claims arising out of the relationship between the parties shall be governed by [Georgia] law." *See id.* Rather, it merely states, "this Agreement and the rights of Company and Employee hereunder shall be governed by and construed in accordance with the laws of the State of Georgia," and it does not include any language suggesting that Georgia law would cover tort claims arising out of the contractual relationship

between Carrandi and NetRoadshow.  The phrase "and the rights of Company and Employee hereunder" does not distinguish this case from *Young* because the word "hereunder" indicates that the provision is limited to claims based on the specific rights and duties established by the agreement, that is, contract claims.  Moreover, nothing in the provisions suggests that it extends to claims that arise from the agreement but are based on rights and duties external to the agreement, that is, tort claims.

Applying *Young*, we conclude that the choice-of-law provision in Carrandi's employment agreement does not apply to tort claims that arise from the agreement.  Therefore, the provision does not require the application of Georgia law to Carrandi's counterclaim if the claim sounds in tort.

In determining whether a claim that arises from a contractual relationship sounds in contract or tort, Georgia courts look to the source of the legal duty that is the asserted basis for liability.  If the asserted duty is derived from the terms of a contract, then the claim sounds in contract, but if the asserted duty is derived from a source external to the contract, such as a statute, then the claim sounds in tort.  *See Com. Bank & Tr. Co. v. Buford*, 243 S.E.2d 637, 638-39 (Ga. Ct. App. 1978) ("If there is no liability except that arising out of a breach of the express terms of the contract, the action must be in contract, and an action in tort cannot be maintained. Only where private duties arise from statute or flow from relations created by the contract, express or implied, may one elect to pursue [a tort action] for damages flowing from the exercise or failure to

exercise that duty."); *Peterson v. First Clayton Bank & Tr. Co.*, 447 S.E.2d 63, 67 (Ga. Ct. App. 1994) ("A tort is the unlawful violation of a private right other than a breach of contract, . . . but private duties may arise from statute, or flow from relations created by contract, express or implied. The violation of any such specific duty, accompanied with damage, gives a right of action (in tort)." (quotation marks and citation omitted)); *GEICO Indem. Co. v. Whiteside*, 857 S.E.2d 654, 661 (Ga. 2021) (explaining that a claim that "asserts extra-contractual liability . . . sounds in tort"); *Young*, 474 S.E.2d at 88-89 (explaining that plaintiffs alleging a breach of a duty set forth in a statute are entitled to recover in tort).

Applying this principle, we conclude that Carrandi's counterclaim sounds in tort. Her claim is based on a California statute that provides a private cause of action to employees against whom a former employer attempts to enforce a void restrictive covenant in an employment agreement. *See* Cal. Bus. & Prof. Code § 16600.5(d), (e). In other words, the asserted basis for liability is derived not from the terms of the employment agreement but from a source external to the agreement, so the counterclaim sounds in tort.[6] *See Com. Bank & Tr. Co.*, 243 S.E.2d at 638-39; *Peterson* 447 S.E.2d at 67; *GEICO Indem. Co.*, 857 S.E.2d at 661; *Young*,

---

[6] NetRoadshow argues that Carrandi's counterclaim does not sound in tort because the definition of a tort claim stated in O.C.G.A. § 51-1-8 requires that the claim be a violation of a private duty "accompanied by damage." *See* O.C.G.A. § 51-1-8. We disagree because the issue of whether a plaintiff has adequately established damages goes to the merits of a claim rather than its classification as a tort or contract claim.

474 S.E.2d at 88-89.  For that reason, the choice-of-law provision does not require that Georgia law govern Carrandi's counterclaim. Therefore, the district court erred by dismissing Carrandi's counterclaim on the basis that the choice-of-law provision required the application of Georgia law to that claim.

## C.  Other Arguments

However, the analysis does not end there.  Just because the choice-of-law provision does not require the application of Georgia law to Carrandi's counterclaim does not necessarily mean that California law governs the claim.  It is still necessary to apply Georgia's general choice-of-law precedent to determine what state's substantive law controls the counterclaim.

To determine which state's law controls a tort claim, Georgia courts apply the doctrine of lex loci delicti.  *See Auld v. Forbes*, 848 S.E.2d 876, 879 (Ga. 2020).  Under that doctrine, "a tort action is governed by the substantive law of the state where the tort was committed." *Id.* (quotation marks omitted).

> The place where the tort was committed, or, the locus delicti, is the place where the injury sustained was suffered rather than the place where the act was committed, or, as it is sometimes more generally put, it is the place where the last event necessary to make an actor liable for an alleged tort takes place.

*Id.* (quotation marks omitted).  The last point in that quote is particularly relevant for "torts of a transitory nature." *See Int'l Bus. Machs. Corp. v. Kemp*, 536 S.E.2d 303, 306 (Ga. Ct. App. 2000).

Applying this doctrine, to decide which state's law governs Carrandi's tort counterclaim, it is necessary to determine "where the last event necessary to make [NetRoadshow] liable" under § 16600.5(e) took place. *See Auld*, 848 S.E.2d at 879 (quotation marks omitted).

Even if California was the state where the last event necessary to make NetRoadshow liable under § 16600.5(e) took place, that still does not necessarily require that California law governs Carrandi's counterclaim. Georgia courts recognize a public policy exception to lex loci delicti, under which courts "will not apply the law of the place where the injury was sustained if it would conflict with Georgia's public policy." *Id.* at 880 (quotation marks omitted). "[T]he public policy exception applies only if the out-of-state law is so radically dissimilar to anything existing in [Georgia's] system of jurisprudence that it would seriously contravene the policy embodied in Georgia law." *Id.* (quotation marks omitted). "A mere difference in law is not sufficient to justify this exception." *Id.*

Rather than engage in this analysis or assess NetRoadshow's alternative arguments regarding the text of the California statute and the constitutionality of applying it extraterritorially at this time, we think it best to let the district court address these issues in the first instance, as it did not reach them in its order dismissing Carrandi's counterclaim. *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of

individual cases."); *Callahan v. U.S. Dep't of Health & Hum. Servs.*, 939 F.3d 1251, 1266 (11th Cir. 2019) (concluding that issues, "which are unavoidably fact-sensitive, should be addressed first by the district court").

### III.  CONCLUSION

The district court erred by dismissing Carrandi's counterclaim because the employment agreement's choice-of-law provision does not require that Georgia law govern the counterclaim. Therefore, we vacate the district court's dismissal of Carrandi's counterclaim and remand for the district court to decide in the first instance whether Georgia or California substantive law governs the counterclaim and to address the fact-sensitive issues inherent in applying the California statute.

**VACATED AND REMANDED.**