**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 13, 2026**

# In the Court of Appeals of Georgia

A25A2124. HARRIS v. GRANT-MALCOLM.

MCFADDEN, Presiding Judge.

Shortly before a jury trial was set to begin in this case stemming from a fatal collision on Interstate 285, the trial court entered an order on motions in limine. The court granted the plaintiff's motion to prevent the defendant from arguing that any damages award should be fair to both parties. The court also denied the defendant's request to charge the jury on this principle.

We granted the defendant's application for interlocutory appeal from these rulings. On appeal, the defendant also challenges an order denying his motion for partial summary judgment on the issue of the plaintiff's claim for bad-faith attorney fees and litigation expenses under OCGA § 13-6-11.

It is a longstanding, accepted principle of Georgia law that a verdict should be reasonable and just to both parties. So we hold that the trial court erred by ruling otherwise, and we vacate the orders granting the plaintiff's motion in limine and denying the defendant's request to charge. We remand for further proceedings not inconsistent with this opinion.

As for the plaintiff's claim for OCGA § 13-6-11 bad-faith attorney fees and litigation expenses, it fails under our Supreme Court's recent decision in *Love v. McKnight*, 321 Ga. 196 (913 SE2d 614) (2025). Under *Love* the showing required is conduct that is intentional, wanton, reckless, or at least indicative of a conscious indifference to the consequences; and evidence of traffic violations, by itself, is not sufficient. The plaintiff has not come forward with the requisite showing. So we reverse the order denying the defendant's motion for summary judgment on that claim.

1. *Factual background*

A car being driven by a third party stopped in a middle lane of Interstate 285 because of mechanical problems. David Malcolm, the plaintiff's deceased husband, stopped behind the disabled car, exited his car, and walked up to the disabled car.

Defendant Rodney Harris was driving in the same lane as the third party's and Malcolm's cars. He began moving his truck to an adjacent lane when he struck Malcolm. Malcolm died from his injuries.

Malcolm's widow, Anya Renee Grant-Malcolm, and his estate (collectively "Grant-Malcolm") sued Harris for wrongful death based on claims of negligence and negligence per se. Grant-Malcolm sought general and special damages, including damages for pain and suffering, funeral expenses, medical expenses and lost wages, as well as damages for the full value of Malcolm's life. She also sought an award of attorney fees and litigation expenses under OCGA § 13-6-11.

Harris moved for partial summary judgment on the OCGA § 13-6-11 claim. The trial court granted the motion to the extent the claim was based on allegations of stubborn litigiousness and unnecessary trouble and expense, but denied it to the extent the claim was based on allegations of bad faith.

Three weeks before the trial was set to begin, Grant-Malcolm moved in limine to prevent Harris from arguing to the jury that damages should be fair to both sides, because "fairness to both parties is not the legal principle by which damages for injury and death are determined under Georgia law." The trial court granted the motion.

Harris's requests to charge the jury included a charge on fairness to both parties: § 66.001 from the Suggested Pattern Jury Instructions, Vol. 1: Civil, Tort Damages; Preliminary Instructions (2025). That instruction includes the sentence, "When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties." The trial court held that it would not include that sentence in the charge of § 66.001.

We granted Harris's application for interlocutory appeal, and this appeal followed.

2. *Fair-to-both parties language*

Harris argues that the trial court erred by preventing counsel from arguing that a damages award must be fair to both parties and by refusing to include this principle in the jury charge on the ground that the principle is in conflict with Georgia law on damages. We hold that the fair-to-both-parties principle is an accepted principle of Georgia law on damages. So we vacate the trial court's orders.

We review both a ruling on a motion in limine and a refusal to give a requested jury charge for an abuse of discretion. But the trial court's legal conclusions that underpin that discretionary decision are reviewed de novo. See generally *Premier*

*Pediatric Providers v. Kennesaw Pediatrics*, 318 Ga. 350, 356 (2) (898 SE2d 481) (2024). In other words, under the abuse-of-discretion standard, "when questions are committed to a trial court's discretion, the court is afforded substantial deference that allows for a range of permissible outcomes, as long as that discretionary decision is based on a correct understanding of the law and facts." Id. at 359 (3) (citation and punctuation omitted). Here, the trial court's rulings were based upon the legal conclusion that fairness to both parties is not a component of the kind of damages at issue in this case.

Specifically, citing OCGA §§ 51-12-1 through 51-12-14, which concern damages in tort actions, the trial court determined that it would not allow Harris to make the "fair" argument because "the use of the word 'fair' is not included" in the "applicable Georgia [s]tatutes on damages." So the court concluded that "a 'fairness' argument is inappropriate." For the same reason the court denied the request to include in the jury charge the fair-to-both-parties language from § 66.001 of the Suggested Pattern Jury Instructions. We review these rulings de novo.

(a) *Jury charge*

We start with the jury charge issue. "A requested charge should be delivered if it is a correct statement of law that is pertinent and material to an issue in the case and not substantially covered by the charge actually given." *Pruitt v. State*, 258 Ga. 583, 588 (13) (373 SE2d 192) (1988); accord *Lee v. Swain*, 291 Ga. 799, 800 (2) (b) (733 SE2d 726) (2012)("In order for a refusal to charge to be error, the request must be entirely correct and accurate; adjusted to the pleadings, law, and evidence; and not otherwise covered in the general charge.").

The issue, then, is whether the trial court erred in holding that the principle embodied in the sentence "when one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties," is not a correct statement of the law. Cf. *White v. Stanley*, 369 Ga. App. 330, 331-332 & 336 (1) (893 SE2d 466) (2023) (concluding that instruction that tracked the language of a suggested pattern jury instruction was *not* a correct statement of law). Binding precedent from our Supreme Court demonstrates that it is.

Our Supreme Court addressed the proper measure of damages for permanent injury in a personal injury action in 1890:

> We therefore think that it is better for both parties to let the jury look at these things as a whole, in the light of common sense and their own

experience, and let them make such a compensation in their verdict *as would be reasonable and just to both parties*, not giving to the plaintiff a large sum with the purpose of enriching him, but compensating him for the loss of money which he would probably earn had he not been injured, and thereby prevented by the negligence of the defendant.

*Richmond & D. R. Co. v. Allison*, 86 Ga. 145, 150-151 (12 SE 352) (1890) (emphasis added). Although *Richmond* was a personal injury action and not a wrongful death action, this distinction is not significant because "the sorts of damages recoverable in wrongful death actions are substantially the same as the kinds of damages that may be recovered in personal injury actions." *Bibbs v. Toyota Motor Corp.*, 304 Ga. 68, 75 (3) (815 SE2d 850) (2018).

In 1891, in *S. Bell Tel. & Tel. Co. v. Jordan*, 87 Ga. 69 (13 SE 202) (1891), the Court reviewed the trial court's instructions to the jury on damages for pain and suffering, a component of wrongful death damages. *Auld v. Forbes*, 309 Ga. 893, 898 n.5 (2) (848 SE2d 876) (2020) (wrongful death damages include the decedent's pre-death physical and mental pain and suffering). The court held that instructions that "the law leaves the question of amount, in cases where an award is proper, to the sound discretion of the jury," and that "the law declares that damages of this kind are

in the discretion of enlightened jurors whose aim is to be just and not oppressive" were not erroneous, considered within the context of the charge as a whole. *S. Bell Tel. & Tel. Co.*, 87 Ga. at 72-73. The concept of "just and not oppressive" implies that the jurors should consider the impact of the award on the defendant.

The law has not changed. In 2008, the Court held that "the method of calculating damages should be flexible so as to reasonably compensate the injured party, and at the same time, *be fair to all litigants*." *John Thurmond & Assocs. v. Kennedy*, 284 Ga. 469, 473 (2) (668 SE2d 666) (2008) (emphasis added; action for breach of contract and negligent construction). See also *MCI Communications Servs. v. CMES*, 291 Ga. 461, 463 (728 SE2d 649) (2012) (addressing available damages in negligence and trespass action, and holding that "[t]he rationale of damages, as in this case, is to compensate the plaintiff and not to unreasonably burden the defendant beyond the point of compensating the plaintiff. The basic tenet under Georgia law is that compensation, not enrichment, is the basis for the award of damages.") (citations and punctuation omitted).

This court, too, has held that the principle embodied in the sentence "when one party is required to pay damages to another, the law seeks to ensure that the damages

awarded are fair to both parties" is a correct statement of law. In *Shepherd Constr. Co. v. Vaughn*, 88 Ga. App. 285 (76 SE2d 647) (1953), the plaintiff filed a nuisance action seeking recovery of damages for injury to real and personal property as well as for pain and suffering. The trial court instructed the jury that "[t]he guide for the jury in determining compensation for mental and physical pain and suffering is the enlightened conscience of impartial jurors, acting under the sanctity of their oath to compensate the plaintiff with fairness to the defendant." Id. at 289 (3). See also *Allison v. Patel*, 211 Ga. App. 376, 380 (438 SE2d 920) (1993) (trial court instructed jury in wrongful death case that "damages in a fair and reasonable and just amount are given as compensation").

Grant-Malcolm's arguments to the contrary are not persuasive. In *McClellan v. Evans*, 294 Ga. App. 595 (669 SE2d 554) (2008) — which she attempts to distinguish — we held that it "is an accepted principle" "[t]hat the jury should be fair to both parties in awarding damages[.]" Id. at 598 (2). Grant-Malcolm would have us distinguish *McClellan* on the ground that, unlike here, the plaintiff did not object to the sentence about fairness to both parties. But in light of the long line of cases affirming and reaffirming that fairness to both parties in awarding damages is an

"accepted principle of law," *McClellan* 294 Ga. App. at 598 (2), such an objection would have been meritless.

Grant-Malcolm cites *Sharp v. Fagan*, 215 Ga. App. 44 (449 SE2d 648) (1994), to support her argument that the trial court did not err in refusing to give the requested charge. But *Sharp* does not help her. In the first place, if we had refused in *Sharp* to abide by the Supreme Court authority described above, we would have erred. Moreover the rationale for our affirmance of the trial court's refusal to give the fair-to-both-parties language is not clear. We rejected the appellant's argument that the trial court erred by refusing to give three requested charges on damages, including "a general instruction that the damages awarded must be fair to both parties." Id. at 46 (5). We held that the three "charges either were not adjusted to the evidence or were covered in the court's general charge." Id.

Grant-Malcolm also argues that the requested charge misstates the measure of wrongful death damages, that it improperly substitutes fairness to Harris as the measure of wrongful death damages instead of the full value of Malcolm's life from Malcolm's perspective. See OCGA §§ 51-4-1 (1); 51-4-2 (a) (wrongful death damages are the full value of the life of the decedent, as shown by the evidence and without

deducting for any of the necessary or personal expenses of the decedent had he lived). But those two principles are not in conflict. Charging the jury on fairness to both parties does not mean that the court would not also charge the jury on the appropriate statutory measures of damages. See generally *Collins v. Porterfield*, 102 Ga. App. 294, 296-297 (3) (c) (116 SE2d 105) (1960) (rejecting defendant's challenge to an arguably improper portion of court's instruction on damages, because court also "charged extensively on the various items of damages"; charged that damages are given as compensation for injury done; and charged that "the verdict should be in such amount as is just and fair to both parties"). And charging both the fair-to-both parties language and the statutory measures of damages is in accordance with "[t]he basic tenet under Georgia law . . . that compensation, not enrichment, is the basis for the award of damages." *MCI Communications Servs.*, 291 Ga. at 463 (citations and punctuation omitted).

So the trial court erred by holding that the fair-to-both-parties principle violates the Georgia law on damages. Having relied on that holding, the trial court failed to exercise its discretion with respect to whether that principle would be "substantially covered" by other parts of the charge. See *Pruitt*, 258 Ga. at 588 (13). We vacate the

11

court's denial of Harris's request to charge the jury on this principle and remand for consideration of whether it would otherwise be substantially covered.

(b) *Argument*

"Counsel have every right to refer to applicable law during closing argument (i.e., law that the court is going to give in charge)." *Conklin v. State*, 254 Ga. 558, 570 (1) (b) (331 SE2d 532) (1985). So we also vacate the trial court's order prohibiting Harris from arguing this principle.

3. *OCGA § 13-6-11*

Harris argues that the trial court erred in denying his motion for summary judgment on the claim for OCGA § 13-6-11 bad-faith attorney fees and litigation expenses. We hold that Harris is entitled to summary judgment on this claim.

In the trial court, Grant-Malcolm argued that the evidence showed that Harris committed the traffic offenses of speeding through a construction zone and failing to keep a proper lookout in violation of traffic laws, which was sufficient to create a question of fact on the issue of bad faith. She relied on *McKnight v. Love*, 369 Ga. App. 812 (894 SE2d 110) (2023). In that case, we held that the trial court did not err in denying the defendant's motion for summary judgment on the plaintiff's claim for

bad-faith attorney fees and litigation expenses under OCGA § 13-6-11, because the evidence created a genuine issue of material fact as to whether the defendant had violated multiple Georgia traffic laws. 369 Ga. App. at 823-24 (2).

But our Supreme Court granted certiorari in *McKnight v. Love* and — in an opinion handed down after the trial court denied Harris's motion for summary judgment — reversed. *Love v. McKnight*, 321 Ga. 196 (913 SE2d 614) (2025). Under *Love,* Harris is entitled to summary judgment on the OCGA § 13-6-11 bad-faith claim.

As an initial matter, we reject Grant-Malcolm's assertion that we should not consider Harris's argument regarding the application of the Supreme Court's opinion in *Love* because it is a new argument. Both parties argued this issue in the trial court and the trial court addressed the issue, so the argument is not new. In any event, "[t]he general rule is that judicial decisions apply retroactively . . . ." *Sherman v. Dev. Auth. of Fulton County*, 324 Ga. App. 23, 24 (749 SE2d 29) (2013). The argument is properly before us.

As for the merits, in *Love* our Supreme Court held that "the type of conduct in the underlying transaction that will support a claim for [OCGA § 13-6-11] 'bad faith' expenses of litigation in a tort action requires conduct that is generally indicative

13

of intentional wrongdoing or of a reckless disregard of known harmful consequences and must be more than mere negligence." 321 Ga. at 199 (2) (footnotes omitted). The Court held that "the type of conduct that is sufficient to support a claim for bad-faith expenses of litigation [is conduct that is] intentional, wanton, reckless, or at least indicative of a conscious indifference to the consequences." Id. at 199 (2) (footnote omitted). "[M]ere negligence or bad judgment is insufficient to show bad faith for purposes of OCGA § 13-6-11." Id. at 201. And "the violation of a traffic law, by itself, does not show the type of intentional or reckless conduct that has been required under the case law . . . to demonstrate bad faith." Id. at 202-203 (3).

The Court concluded that the record evidence did not show that the defendant's "conduct in following too closely, to which he pleaded guilty, or his potential violations of other strict liability traffic laws was accompanied by an intent to injure, or done in a manner indicative of the sort of consciousness of wrongdoing or a similar culpable state of mind that has been held previously to support a claim for bad faith under OCGA § 13-6-11." *Love*, 321 Ga. at 203 (4). So the defendant was entitled to "partial summary judgment on the issue of expenses of litigation under OCGA § 13-6-11 based on bad faith." Id.

Grant-Malcolm would distinguish *Love* on the ground that *Love* involved a single violation of traffic laws, while Harris allegedly violated multiple traffic laws. But she misreads *Love*. That case did not necessarily involve a single violation of traffic laws. The defendant in that case pled to one offense: following too closely. But there was evidence of "his potential violations of other strict liability traffic laws[.]" *Love*, 321 Ga. at 203 (4). See also *McKnight*, 369 Ga. App. at 823-824 (2) (there was a genuine issue of material fact on the question of whether the defendant had committed "*multiple* potential violations of Georgia traffic laws") (emphasis in original).

Turning to the evidence in the case before us, Grant-Malcolm argues that a jury would be authorized to conclude that Harris was driving 15 miles per hour over the speed limit in a construction zone; did not observe the stopped vehicles or Malcolm for more than 20 seconds, in spite of Malcolm waving his hands and other vehicles noticing; violently jerked his steering wheel and veered across a lane; struck Malcolm and another vehicle; and told the police that Malcolm ran in front of his truck. She argues such evidence is indicative of a reckless disregard of the law and a conscious indifference to consequences.

Grant-Malcolm also cites *Nash v. Reed*, 349 Ga. App. 381 (825 SE2d 853) (2019) in support. But *Nash* is distinguishable. In *Nash*, the defendant driver knew that the plaintiff pedestrian did not see the driver's vehicle; the driver thought about honking his horn to warn the pedestrian but decided against it; the driver could have but chose not to stop to allow the pedestrian to finish crossing the road; and the driver crossed a double yellow-line as he tried to avoid the pedestrian. *Nash*, 349 Ga. App. at 383-384 (1). In other words, the driver saw the pedestrian, knew the pedestrian did not see him, and made "conscious decisions not to alert the plaintiff[-pedestrian] by honking and to not stop." *Love*, 321 Ga. at 202 (3) (distinguishing the facts in that case from the facts in *Nash*). Here, on the other hand, Grant-Malcolm concedes that Harris did not see Malcolm.

The evidence does not create a question of fact on the issue of whether Harris acted with "an intent to injure, or [on the issue of whether his conduct was] done in a manner indicative of the sort of consciousness of wrongdoing or a similar culpable state of mind that has been held previously to support a claim for bad faith under OCGA § 13-6-11." *Love*, 321 Ga. at 203 (4).

16

So Harris is entitled to summary judgment on Grant-Malcolm's claim for bad-faith attorney fees and litigation expenses under OCGA § 13-6-11.

*Judgment reversed in part, vacated in part, and case remanded. Hodges and Pipkin, JJ., concur.*